# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ENRIQUE TARRIO et al.**

      **Plaintiffs,**

v.                                                                                          Case No: 6:25-cv-998-WWB-DCI

**UNITED STATES OF AMERICA et al.**

      **Defendants.**

## ORDER TO SHOW CAUSE

"Membership or special admission in the Middle District bar is necessary to practice in the Middle District." Local Rule 2.01(a). If a lawyer has membership or special admission in the Middle District bar, the "lawyer must inform the clerk within fourteen days after the lawyer is convicted of a felony . . . ." Local Rule 2.04(b)(1) ("Requirement to Report"). Further, under the subsection titled "Automatic Suspension," Local Rule 2.04(b)(2) requires that, "Twenty-one days after an event listed in (b)(1), a lawyer is automatically suspended" from the Middle District bar. The plain language of Local Rule 2.04(b) requires a lawyer to report the fact of a felony conviction—and requires automatic suspension upon conviction—regardless of whether the lawyer appeals the conviction or receives a stay of any sentence pending appeal.[1]

---

[1] The Florida Bar has its own procedures related to criminal misconduct and suspension as well as a requirement that a member of the Bar self-report a determination or judgment of guilt concerning a criminal charge. R. Regulating Fla. Bar 3-4.4; 3-7.2(e), (f). Also, under Rule 3-7.2, if a lawyer is suspended, "The suspension will remain in effect during any appeal of the determination or judgment of guilt of a felony offense in the criminal proceeding." R. Regulating Fla. Bar 3-7.2(j).

According to the Court's records, Lawyer Augustus Sol Invictus is a member of the Middle District bar and The Florida Bar.[2] On June 6, 2025, he filed this action. Doc. 1. However, it appears from the publicly available records of the Virginia Judiciary that Mr. Invictus was convicted of a felony on January 8, 2025. *See* Virginia Judiciary Records available at https://eapps.courts.state.va.us/ocis. So far as the Court can tell, Mr. Invictus has not reported a felony conviction pursuant to Local Rule 2.04(b)(1). But given the records of the Virginia Judiciary, by operation of Local Rule 2.04(b)(2) it appears that Mr. Invictus may currently be suspended from the Middle District bar based on that conviction.

Accordingly, it is **ORDERED** that, on or before June 26, 2025, Augustus Sol Invictus must show cause in writing why he has not violated Local Rule 2.04(b)(1) and why he is not currently suspended from the Middle District bar by operation of Local Rule 2.04(b)(2).

**ORDERED** in Orlando, Florida on June 12, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Florida Bar website also reflects that Mr. Invictus is a member in good standing and eligible to practice law in Florida with no 10-year discipline history. *See* www.floridabar.org.