UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ENRIQUE TARRIO, ZACHARY REHL,
ETHAN NORDEAN, JOSEPH BIGGS,
AND DOMINIC PEZZOLA,

    Plaintiffs,

v.              CASE NO. 6:25-cv-0998-WWB-DCI

UNITED STATES OF AMERICA and
NICOLE MILLER, individually,

    Defendants.
_____/

**DEFENDANT SA MILLER'S MOTION FOR LEAVE
FOR AN EXTENSION OF THE PAGE LIMITATION**

  Special Agent Nicole Miller, through undersigned counsel, moves for leave for an extension of the page limitation, seeking an additional five pages for her motion to dismiss. Counsel have conferred under Local Rule 3.01(g). Plaintiffs do not oppose.

  Plaintiffs challenge their convictions for conduct related to an "incursion" into the United States Capitol on January 6, 2021. Compl. ¶¶ 5-9, 24. The underlying criminal prosecution, which is still ongoing for four Plaintiffs, lasted approximately four years and has over 1,000 docket entries. Here, Plaintiffs bring three constitutional claims (Counts One, Two, and Three) under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of the Fourth, Fifth, and Sixth Amendments; and one common law claim (Count Four) for malicious prosecution. All four claims are brought against SA Miller and the United States.

  Under the Local Rules, motions are limited to 25 pages. L.R. 3.01(a). SA Miller requests an additional five pages to complete her motion to dismiss. In support, SA

Miller notes that while the Complaint only pleads four counts, Count One alleges the Fourth Amendment was violated in *nine* different ways, Count Two alleges the Fifth Amendment was violated, and Count Three alleges the Sixth Amendment was violated in *five* different ways. That is fifteen separate constitutional violations. In her motion to dismiss, SA Miller will need to analyze whether each violation presents a new context for purposes of *Bivens* and whether special factors counsel hesitation against extending *Bivens* for each violation. SA Miller's motion to dismiss will also need to analyze whether the Complaint adequately alleges all fifteen constitutional violations and whether the law for each is clearly established under existing precedent.

In addition, SA Miller's motion to dismiss will need to address issues of whether all claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and whether she is entitled to absolute immunity on the common law malicious prosecution claim. Finally, the district court in the criminal case ruled on all of the alleged constitutional violations. In her motion to dismiss, SA Miller will need to analyze the effect those rulings have on this civil action that seeks to collaterally attack the prosecution. Again, that prosecution spanned almost four years and has over 1,000 docket entries.

For all these reasons and for good cause shown, SA Miller requests the Court grant her motion and allow her an additional five pages for her motion to dismiss.

This 21st day of August, 2025.     Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General,
Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Civil Division,
Torts Branch

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Senior Trial Attorney
Civil Division, Torts Branch
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7146
Washington, D.C.  20044-7146
202-598-3916
siegmund.f.fuchs@usdoj.gov

Attorneys for SA Miller

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Thomas F. Ranieri, Esq.

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Senior Trial Attorney
Civil Division, Torts Branch
U.S. Department of Justice