# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ENRIQUE TARRIO, ZACHARY REHL,
ETHAN NORDEAN, JOSEPH BIGGS,
AND DOMINIC PEZZOLA,

        Plaintiffs,

v.                                      CASE NO. 6:25-cv-0998-WWB-DCI

UNITED STATES OF AMERICA and
NICOLE MILLER, individually,

        Defendants.
_____/

## DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS

The United States of America, through undersigned counsel and under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), moves to dismiss the Complaint and submits the following.

## SYNOPSIS

Plaintiffs challenge their convictions for conduct related to events at the United States Capitol on January 6, 2021. They bring three constitutional claims and one common law malicious prosecution claim. The Court should dismiss the Plaintiffs' claims against the United States for the following reasons: (1) all but Plaintiff Tarrio's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) the United States has sovereign immunity on all constitutional claims; (3) the Court lacks jurisdiction over the common law malicious prosecution claim because Plaintiffs failed to exhaust their administrative remedies and the discretionary function exception bars the claim; (4) the malicious prosecution claim lacks merit; and (5) the United States is not liable for punitive damages.

Counsel have conferred under Local Rule 3.01(g). Plaintiffs oppose.

## BACKGROUND

Plaintiffs Enrique Tarrio, Zachary Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola were prosecuted and convicted for conduct related to the events that occurred at the United States Capitol building on January 6, 2021. Compl. ¶¶ 5-9. Tarrio subsequently received a pardon. *Id.* ¶ 5. Rehl, Biggs, Nordean, and Pezzoa had their sentences commuted. *Id.* ¶¶ 6-9. These latter four plaintiffs are currently appealing their convictions. *See United States v. Nordean*, Nos. 23-3159, 23-3160, 23-3161, 23-3162 (D.C. Cir.).

According to the Complaint, "[o]n January 6, 2021, there was an incursion into the Capitol building by elements of the federal government, leftist agitators, and Trump supporters." *Id.* ¶ 24. All Plaintiffs, except Tarrio, were "present" on January 6. *Id.* ¶ 25. Plaintiffs also "spoke with people who were at the Capitol before, during, and after January 6." *Id.* ¶ 26. "Based on these communications" and a document titled "1776" allegedly planted in Tarrio's email inbox, "the government [indicted], charged, and convicted the Plaintiffs of planning the incursion into the Capitol." *Id.* ¶¶ 27-28.

Specifically, Plaintiffs were charged with Seditious Conspiracy, 18 U.S.C. § 2384; Conspiracy to Obstruct an Official Proceeding, 18 U.S.C. § 1512(k)(7); Obstruction of an Official Proceeding and Aiding and Abetting, 18 U.S.C. § 1512(c)(2) and 2; Civil Disorder and Aiding and Abetting, 18 U.S.C. § 231(a)(3); Destruction of Government Property and Aiding and Abetting, 18 U.S.C. § 1361; Assaulting, Resisting, or Impeding Certain Officers, 18 U.S.C. § 111(a)(1); and

Conspiracy to Prevent an Officer from Discharging Any Duties, 18 U.S.C. § 372. *Id.* ¶ 74. Pezzola was separately charged with Robbery of Personal Property of the United States, 18 U.S.C. § 2112. *See* Third Superseding Indictment, *United States v. Nordean*, No. 21-cr-175 (D.D.C. June 6, 2022) (ECF 380).[1]

The jury returned a guilty verdict on all counts, with some exceptions: Pezzola was found not guilty for seditious conspiracy and conspiracy to obstruct an official proceeding; and only Pezzola was found guilty of destruction of government property, assaulting, resisting, or impeding certain officers, and robbery of personal property of the United States. *See* Verdict Form, *United States v. Nordean*, No. 21-cr-175 (D.D.C. May 4, 2023) (ECF 804).

The Complaint pleads four counts. Count One pleads multiple Fourth Amendment violations for malicious prosecution, tapping, recording, and monitoring communications, placing an informant in the Proud Boys to report on trial strategy, deliberately mispresenting communications, and searching and seizing private property, all to gain an unfair advantage at trial. *Id.* ¶¶ 108-10. Count Two pleads a Fifth Amendment due process violation, alleging the seditious conspiracy statute, as applied, was unconstitutionally vague. *Id.* ¶¶ 118-22. Count Three pleads two Sixth Amendment violations: one for infringement on the right to counsel by tapping and monitoring attorney communications and placing an informant in the Proud Boys to report on trial strategy, all to gain an

---

[1] The Court may consider documents incorporated in the complaint. *Gill v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019). The Court may also take judicial notice of filings from other proceedings under Rule 201 of the Federal Rules of Evidence. *See United States v. Humana, Inc.*, 776 F.3d 805, 811-12 & n.4 (11th Cir. 2015).

3

unfair advantage at trial; and one for infringement on the right to present a witness at trial. *Id.* ¶¶ 127-28. Finally, Count Four pleads a common law malicious prosecution claim. *Id.* ¶¶ 132-41.

## STANDARDS OF REVIEW

"A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). The court must also eliminate any legal conclusions. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation). After isolating the "well pleaded factual allegations," the court must "then determine whether they plausibly give rise to an entitlement to relief." *Randall*, 610 F.3d at 710.

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be facial or factual. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial attack, the complaint's allegations are presumed true and the court is "required merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1233 (11th Cir. 2008) (citations omitted). In a factual attack, subject-matter jurisdiction is challenged

irrespective of the pleadings and the court can independently weigh the facts without viewing them in the light most favorable to the non-movant. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) (citations omitted).

## ARGUMENT

### I. *Heck* Bars All Claims Brought by Rehl, Nordean, Biggs, and Pezzola.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Court held "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been" terminated in his favor. "This requirement avoids parallel litigation over the issues of probable cause and guilt." *Id.* at 484 (internal quotations and citation omitted). In *McDonough v. Smith*, 588 U.S. 109, 123 (2019), the Court extended *Heck*'s holding to ongoing prosecutions. As the Court explained, "[t]he alternative would impermissibly risk parallel litigation and conflicting judgments." *Id.* The Eleventh Circuit has assumed *Heck* applies to FTCA claims. *See Morrow v. BOP*, 610 F.3d 1271, 1272 (11th Cir. 2010) (citing *Erlin v. United States*, 364 F.3d 1127, 1131-32 (9th Cir. 2004)); *see also Parris v. United States*, 45 F.3d 383, 384-85 (10th Cir. 1995) (holding *Heck* applies to FTCA claims).

All claims brought here challenge the underlying convictions. Compl. ¶¶ 109(d), 110(d), 112, 117-22, 127(d), 128, 133-38. Thus, the risk of parallel litigation and conflicting judgments is substantial. Indeed, in the criminal case, Plaintiffs challenged their prosecutions through multiple motions. *See United States v. Nordean*, No. 21-cr-175 (D.D.C.) (ECF 94, 434, 437, 439, 440, 473,

5

518, 533, 535, 536, 569, 611, 612, 679, 686, 694, 743, 1066). The district court issued orders on whether probable cause existed, whether the seditious conspiracy statute is vague, whether the prosecution impermissibly relied on a "tool" theory to support its conspiracy claim, whether Rehl waived attorney-client privilege, whether the prosecution intimidated a witness, whether the "1776" document allegedly planted on Tarrio's email inbox was admissible, whether SA Miller destroyed evidence, and whether the prosecution paid an informant to monitor the defense team. *United States v. Nordean*, No. 21-cr-175 (D.D.C.) (ECF 263, 281, 586, 625, 675, 731, 755, 792); *see also* Minute Order, *United States v. Nordean*, No. 21-cr-175 (D.D.C. Dec. 28, 2022); Compl. ¶ 85. Each order is included in the notices of appeal from final judgment. In fact, in their most recent filing, Rehl, Pezzola, and Biggs argued their convictions should be set aside because of prosecutorial misconduct, again, raising many of the same issues alleged herein.[2] The district court in the criminal case denied that motion because the D.C. Circuit currently has jurisdiction "over those aspects of the case." Minute Order, *United States v. Nordean*, No. 21-cr-175 (D.D.C. Apr. 17, 2025). Briefing in the D.C. Circuit concludes on June 12, 2026.

In sum, this is the very situation *Heck* was designed to prevent: dual litigation on probable cause and guilt in a criminal case directly and a civil case collaterally. For these reasons, *Heck* bars all claims brought by Rehl, Nordean, Biggs, and Pezzola (but not Tarrio) as they have ongoing prosecutions.[3]

---

[2] That motion is attached to the Complaint and thus incorporated by reference.

[3] Plaintiffs are no longer in custody. In *Spencer v. Kemna*, 523 U.S. 1, 21 (1998), Justice Souter suggested in a concurring opinion that *Heck* may not apply to

6

## II. The United States has sovereign immunity for constitutional claims.

The Complaint describes Counts One, Two, and Three as constitutional damages claims brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Compl., at 19, 21, 24-25. These claims are brought against "Defendants." *Id.* ¶¶ 133, 124, 130. However, "[t]he United States cannot be sued except as it consents to be sued." *Powers v. United States*, 996 F.2d 1121, 1124 (11th Cir. 1993). "Waivers of the government's sovereign immunity must be unequivocally expressed in statutory language and cannot be implied." *Ivey v. Paulson*, 222 F. App'x 815, 820 (11th Cir. 2007). The United States has not waived its sovereign immunity for constitutional damages claims. *Id.*; *see also Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982). Thus, the United States has sovereign immunity and must be dismissed from Counts One, Two and Three.

## III. The Court Lacks Subject Matter Jurisdiction over the Common Law Malicious Prosecution Claim and the Claim Otherwise Lacks Merit.

The Complaint does not assert a basis for Count Four, the common law malicious prosecution claim. However, the Federal Employees Liability Reform and Tort Compensation Act of 1988, §§ 5, 6, Pub. L. No. 100-694, 102 Stat. 4563

---

plaintiffs no longer in custody. However, "neither the Supreme Court nor [the Eleventh Circuit] has applied this exception in a published opinion." *Butler v. Georgia*, No. 22-10291, 2022 WL 17484910, at *4 (11th Cir. Dec. 7, 2022). And the Eleventh Circuit has applied *Heck* to plaintiffs no longer in custody in several unpublished opinions. *See Reilly v. Herrera*, 622 F. App'x 832 (11th Cir. 2015); *Vickers v. Donahue*, 137 F. App'x 285, 289-90 (11th Cir. 2005); *see also Wilson v. Midland Cnty.*, 116 F.4th 384, 396 (5th Cir. 2024) (en banc) (addressing the issue at length and holding that *Heck* applies to those no longer custody). In any event, custodial status is irrelevant to the application of *Heck* here because Rehl, Nordean, Biggs, and Pezzola have ongoing prosecutions and *McDonough* holds the *Heck* bar squarely applies under these circumstances. 588 U.S. at 123.

7

(1988) (codified at 28 U.S.C. § 2679) (Westfall Act), makes the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) and §§ 2671-2680, "the *exclusive* remedy for most claims against Government employees arising out of their official conduct." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (emphasis added). Once the Attorney General or his or her designee certifies that the named employee was acting within the scope of employment, the common law tort claim against the employee is dismissed on the basis of absolute immunity and deemed a claim *exclusively* against the United States under the FTCA. *See* 28 U.S.C. § 2679(d)(1); *see also Osborn v. Haley*, 549 U.S. 225, 229, 247 (2007) (Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties."); *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1305 (11th Cir. 2022) ("Upon such certification, the employee is dismissed from the action and the United States is substituted in her stead.").

Pursuant to the delegation of authority from the Attorney General, 28 C.F.R. § 15.4, the Director of the Civil Division's Torts Branch has certified under 28 U.S.C. § 2679(d)(2) that SA Miller was acting in the scope of her employment or office at the time of the incident out of which the common law tort claim arose. *See* Scope of Employment Certification of C. Salvatore D'Alessio, Jr., Director, Torts Branch, Civil Division, Department of Justice (attached as Exhibit 1). Thus, by operation of law SA Miller should be dismissed from Count Four and that claim must then proceed against the United States under the FTCA.

### A. The Court Lack Subject Matter Jurisdiction under the FTCA.

#### 1. Plaintiffs failed to exhaust their administrative remedies.

The FTCA is a limited waiver of sovereign immunity, providing a remedy against the United States for the torts of its officers and employees while acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976). Although the United States has waived sovereign immunity through the FTCA, it can only be sued in accordance with the terms of that limited waiver. *Id.* at 814; *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984). Before filing an FTCA lawsuit, a plaintiff must fully exhaust his claims by first presenting them to the appropriate federal agency. 28 U.S.C. § 2675(a); *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). The Complaint contains no allegation that Plaintiffs did so. By filing suit in federal court before exhausting their claims, Plaintiffs fail to heed the FTCA's clear statutory command and dismissal is required for lack of subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).

#### 2. The discretionary function exception bars Count Four.

Even if the FTCA claim was properly exhausted, dismissal is appropriate. While the FTCA waives the sovereign immunity of the United States for certain damages actions based on the negligence and other wrongful acts or omissions by federal employees, it is limited by several exceptions, including the discretionary function exception. 28 U.S.C. § 2680(a). Under that exception, the United States retains sovereign immunity for acts that were (1) discretionary and (2) based on public policy considerations. *Berkovitz v. United States*, 486 U.S.

531, 536-37 (1988). When it comes to government officials reviewing evidence and concluding probable cause exists sufficient to initiate criminal proceedings, such actions "are quintessential examples of governmental discretion in enforcing the criminal law, and, accordingly, courts have uniformly found them to be immune under the discretionary function exception." *Gray v. Bell*, 712 F.2d 490, 513 (D.C. Cir. 1983); *see also Trupei v. United States*, 304 F. App'x 776, 783 (11th Cir. 2008). Because Count Four challenges the discretionary decision to bring criminal charges, the discretionary function exception to FTCA liability applies and the Court lacks subject matter jurisdiction over the claim.[4]

### B. The FTCA claim fails on the merits.

Even if the discretionary function did not apply, the malicious prosecution claim lacks merit. Under the FTCA, "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Further, "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee, . . . if a private person would be liable to the claimant in accordance with the law of the place[.]" 28 U.S.C. § 1346(b)(1). The Supreme Court has "consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State—the

---

[4] The discretionary function exception does not apply where law enforcement relied on knowingly false or fabricated evidence to initiate a prosecution. *Linder v. United States*, 937 F.3d 1087, 1091 (7th Cir. 2019). Here, the Complaint contains no such allegation, let alone one that is plausibly pled with sufficient factual support of what evidence was knowingly false or fabricated. *Infra*, at 12-14.

10

source of substantive liability under the FTCA." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994) (citations omitted); *Smith v. United States*, 14 F.4th 1228, 1232 (11th Cir. 2021). Here, because the prosecution occurred in the D.C., D.C. law governs. *See Flynn v. United States*, No. 23-485, 2024 WL 5057537, at *6 (M.D. Fla. Dec. 10, 2024) (applying D.C. law to FTCA malicious prosecution claim where prosecution was in D.C.); *Denenberg v. Am. Family Corp.*, 566 F. Supp. 1242, 1248-49 (E.D. Pa. 1983) (to hold otherwise would mean that whether a prosecution in state A against 49 persons from 49 states was brought maliciously "would conceivably be determined by 49 different legal standards").[5]

Under D.C. law, the tort of malicious prosecution has four elements: (1) the defendant's initiation or procurement of a criminal proceeding against the plaintiff; (2) absence of probable cause for the proceeding; (3) malicious intent on the part of the defendant; and (4) termination of the proceeding in favor of the plaintiff. *Moore v. United States*, 213 F.3d 705, 710 (D.C. Cir. 2000) (citation omitted). The claim here fails for myriad reasons.

First, under D.C. law, the chain of causation for initiating a criminal proceeding is broken where a prosecutor makes an independent decision to initiate or continue the case unless law enforcement applied undue pressure or presented knowingly false or fabricated evidence. *Moore*, 213 F.3d at 710;

---

[5] That one plaintiff resides in Florida, Compl. ¶¶ 21-22, is irrelevant. *See Tripodi v. Local Union No. S38*, 120 F. Supp. 2d 318, 321 (S.D.N.Y. 2000); *Lohman v. Oxford*, 816 F. Supp. 1025, 1031 (E.D. Pa. 1993); *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 282 n.4 (7th Cir. 1989); *Burwell v. Va. Acme Markets, Inc.*, 355 F. Supp. 784, 786-87 (S.D.W. Va. 1973) (all applying the law of the state where the prosecution occurred even though the plaintiff lived in a different state).

11

*Dellums v. Powell*, 566 F.2d 167, 192 (D.C. Cir. 1977)). Here, a grand jury ultimately indicted Plaintiffs. Prosecutors were obviously involved in presenting the case to the grand jury. The Complaint fails to allege that law enforcement applied undue pressure on the prosecutors. Nor does it specify what false or fabricated evidence was presented to the prosecutors. Thus, Plaintiffs fail to plead sufficient facts to overcome this break in causation and the malicious prosecution claim fails under the first element of the tort.

Second, the Complaint fails to sufficiently plead the next element, lack of probable cause. "Probable cause is not a high bar" and requires only "a probability or substantial chance of criminal activity." *Dist. of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (citations omitted). Under D.C. law, probable cause exists where the facts and circumstances "warrant a cautious man in the belief that his action and the means taken in prosecuting it are legally just and proper." *Katz v. Dist. of Columbia*, 285 A.3d 1289, 1311 (D.C. 2022). Officers are not required to credit innocent explanations. *Nicols v. Woodward & Lothrop, Inc.*, 322 A.2d 283, 286 (D.C. 1974) (holding that an officer was not "obliged to believe the explanation of a suspected shoplifter"). "Probable cause must be supported by more than mere suspicions but need not be based on [the same quantum of] evidence sufficient to sustain a conviction." *DeWitt v. Dist. of Columbia*, 43 A.3d 291, 295 (D.C. 2012) (brackets in original, citation omitted). "[I]n an action for malicious prosecution, the plaintiff bears a *heavy burden* of proof to show lack of probable cause." *Id.* at 296 (citation omitted) (emphasis added).

Here, the bare allegation that no probable cause existed, Compl. ¶¶ 31, 39, 47, 52, 58, 108, is a legal conclusion not entitled to an assumption of truth. *United States v. Lindsey*, 482 F.3d 1285, 1292 n.5 (11th Cir. 2007). Otherwise, Plaintiffs make no effort to explain what about probable cause was lacking other than their blanket denials of wrongdoing. Compl. ¶ 133. That does not suffice. *Nichols*, 322 A.2d at 286. Also, D.C. recognizes the general rule that probable cause determinations by a grand jury or judicial officer create a presumption of probable cause that can only be overcome by allegations, with sufficient factual support, that the determination was obtained by fraud, perjury, or other corrupt means such as misrepresenting or withholding material facts. *DeWitt*, 43 A.3d at 296; *Marcus Garvey Charter Sch. v. Wash. Times Corp.*, No. 97-9137, 1998 D.C. Super. LEXIS 40, at *13 (D.C. Super. Ct. Oct. 27, 1998); *see also Moore v. Hartman*, 102 F. Supp. 3d 35, 115 (D.D.C. 2015). The Complaint here makes no attempt to explain what evidence supporting the grand jury indictment was knowingly false or fabricated or what material facts were misrepresented or withheld. That plainly does not suffice to overcome the presumption created by the grand jury's finding of probable cause.

The district court in the criminal case also reviewed the evidence against Plaintiffs at their detention hearings and concluded that the "weight of the evidence is strong . . . even after considering the evidence and arguments advanced by" Plaintiffs. *See* Detention Orders, *United States v. Nordean*, No. 21-cr-175 (D.D.C. Apr. 20 & July 1, 2021, May 28, 2022) (ECF 65, 66, 104, 372) (Biggs, Nordean, Rehl, and Tarrio); Detention Order, *United States v. Pezzola*,

13

No. 21-cr-52 (D.D.C. Mar. 16, 2021) (ECF 26) (Pezzola); *see also Lovelien v. United States*, 422 F. Supp. 3d 341, 352 & n.6 (D.D.C. 2019) (taking judicial notice of detention orders as prima facie evidence of probable cause). The district court relied on photo evidence of Pezzola robbing a police officer of his riot shield and using it to break a window into the Capitol. *See* Order, *United States v. Pezzola*, No. 21-cr-52 (D.D.C. Mar. 16, 2021) (ECF 25). Incontrovertible photo evidence of Nordean, Biggs, and Rehl inside the Capitol building was also used to support their arrests and detentions. *See* Criminal Complaints, *United States v. Nordean*, No. 21-cr-175 (D.D.C. Jan 19 & Feb. 2, 2021) (ECF 1, 6) (Biggs & Nordean); Motion, *United States v. Nordean*, No. 21-cr-175 (D.D.C. Mar. 27, 2021) (ECF 37) (Rehl). And while Tarrio was not at the Capitol on that day and the district court found there was no "smoking gun," the court considered Tarrio's contrary arguments and still found the evidence of his involvement in a seditious conspiracy to be "very strong." Order, *United States v. Nordean*, No. 21-c-175 (D.D.C. May 27, 2022) (ECF 370, at 11). Biggs and Nordean appealed their detention orders and the D.C. Circuit affirmed, finding no error. *See* Judgment, *United States v. Nordean*, 21-cr-175 (D.D.C. June 25, 2021) (ECF 107). The Complaint again makes no attempt to explain what evidence at the detention hearings was knowingly false or fabricated or what material facts were misrepresented or withheld. That plainly does not suffice to overcome the presumption created by the district court's finding of probable cause.

In sum, the findings of probable cause by the grand jury and the district court in the criminal case create a presumption of probable cause. Plaintiffs fail to

even try to overcome that presumption with any specific facts. They thus fail to sufficiently plead the second element of malicious prosecution. *Cf. Lewis v. City of New York*, 591 F. App'x 21, 22 (2d Cir. 2015) (conclusory allegations are not sufficient, particularly where plaintiff sat through criminal trial and should have no problem explaining the alleged misconduct in more detail); *Lovelien*, 422 F. Supp. 3d at 353 ("It defies 'judicial experience and common sense' to believe that Plaintiffs cannot make more specific allegations at this stage about what evidence was false, fabricated, or wrongfully withheld as part of their prosecution.") (citations omitted).

Finally, the Complaint fails to sufficiently plead the fourth element of a malicious prosecution claim, termination in favor. Indeed, any claim brought by Rehl, Nordean, Biggs, and Pezzola must be dismissed because they cannot show termination as their criminal cases are ongoing. As for Tarrio, under D.C. law (unlike federal law), a termination of criminal proceedings must be indicative of innocence to be deemed "favorable." *Brown v. Carr*, 503 A.2d 1241, 1245 (D.C. 1986). A general pardon does not fit the bill. *See Burdick v. United States*, 236 U.S. 79, 94 (1915); *United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001); *see also Lorance v. Commandant, U.S. Disciplinary Barracks*, 13 F.4th 1150, 1154 n.5, 1157 (10th Cir. 2021) ("[F]ederal courts now agree that a pardon does not blot out guilt or expunge a judgment of conviction.") (internal quotations and citation omitted). Thus, Tarrio's claim fails as well.

For all these reasons, the Complaint fails to sufficiently plead a malicious prosecution claim, and the claim must be dismissed.

**IV. The Request for Punitive Damages Should Be Denied.**

Plaintiffs seek punitive damages on all claims. Compl., at 27. Punitive damages are unavailable against the United States under the FTCA. *See* 28 U.S.C. § 2674. Thus, the request for punitive damages as against the United States must be dismissed.

## CONCLUSION

For these reasons, the Complaint against the United States should be dismissed in its entirety.

This 25th day of August, 2025.          Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General,
Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Civil Division,
Torts Branch

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Senior Trial Attorney
Civil Division, Torts Branch
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7146
Washington, D.C. 20044-7146
202-598-3916
siegmund.f.fuchs@usdoj.gov

Attorneys for the United States

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on August 25, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Thomas F. Ranieri, Esq.
Augustus Invictus, Esq.

                                            <u>/s/ Siegmund F. Fuchs</u>
                                            SIEGMUND F. FUCHS
                                            Senior Trial Attorney
                                            Civil Division, Torts Branch
                                            U.S. Department of Justice