**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ENRIQUE TARRIO, ZACHARY REHL,
ETHAN NORDEAN, JOSEPH BIGGS,
AND DOMINIC PEZZOLA,

Plaintiffs,

v. CASE NO. 6:25-cv-0998-WWB-DCI

UNITED STATES OF AMERICA and
NICOLE MILLER, individually,

Defendants.
_____________________________________/

**DEFENDANTS' MOTION TO STAY CASE MANAGEMENT CONFERENCE, FILING OF CASE MANAGEMENT REPORT, AND ALL DISCOVERY UNTIL COURT RULES ON PENDING MOTIONS TO DISMISS**

The United States of America and Special Agent Nicole Miller, through undersigned counsel, move to stay the case management conference, the filing of the case management report, and all discovery until after resolution of their dispositive motions to dismiss, one of which raises the defense of qualified immunity.

**SYNOPSIS**

The Supreme Court has repeatedly held that lower courts must resolve the threshold legal question of qualified immunity *before* subjecting government officials to discovery. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). These decisions establish that a stay of discovery, including any participation in a case management conference and filing of a

case management report, is warranted until this Court resolves the pending motions to dismiss, one of which includes the defense of qualified immunity. Further, a preliminary peek at both motions, including the dismissal motion filed under Fed. R. Civ. P. 12 (b)(1) and (6) on behalf of the United States, reveal that they are "clearly meritorious" and "truly case dispositive," further warranting a stay of all discovery. *See Koock v. Sugar & Felsenthal, LLP*, No. 09-609, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009).

Counsel have conferred under Local Rule 3.01(g). Plaintiffs do not oppose the issuance of a stay.

**BACKGROUND**

On June 6, 2025, Plaintiffs Enrique Tarrio, Zachary Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola filed a Complaint challenging their convictions for conduct related to events at the United States Capitol on January 6, 2021. Compl. ¶ 24. The Complaint pleads four counts against Federal Bureau of Investigation Special Agent ("SA") Nicole Miller, in her individual capacity, and the United States. Count One pleads multiple Fourth Amendment violations for malicious prosecution, tapping, recording, and monitoring communications, placing an informant in the Proud Boys to report on trial strategy, deliberately mispresenting communications, and searching and seizing private property, all to gain an unfair advantage at trial. *Id.* ¶¶ 108-10. Count Two pleads a Fifth Amendment due process violation, alleging the seditious conspiracy statute, as applied, was unconstitutionally vague. *Id.* ¶¶ 118-22. Count Three pleads two Sixth Amendment violations: one for infringement on the right to counsel by tapping and monitoring attorney communications and placing an informant in the Proud Boys to report on trial strategy, all to gain an unfair advantage at trial; and one for infringement on the right to

present a witness at trial. *Id.* ¶¶ 127-28. Count Four pleads a common law malicious prosecution claim. *Id.* ¶¶ 132-41. Concurrently herewith, Defendants filed dispositive motions to dismiss. In SA Miller's motion, she raises the defense of qualified immunity.

Under the local rules, the time to file a case management report is 70 days after service on the United States. Local Rule 3.02(b)(3). A case management report here is due on September 22, 2025. Under the Federal Rules of Civil Procedure, the case management report triggers the commencement of discovery, including the deadline for the exchange of initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(C), 26(d).

## ARGUMENT

Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Supreme Court has repeatedly emphasized this point, explaining that qualified immunity "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (internal quotations and citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery.") (internal quotations and citation omitted). The Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); and has made clear that resolution should occur before permitting any discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."); *Mitchell*, 472 U.S. at 526 ("Unless the plaintiff's

allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.”).

Simply put, participation in discovery is one of the chief burdens against which qualified immunity is designed to protect. *See Iqbal*, 556 U.S. at 686 (stating that the protection from even “minimally intrusive discovery” gives “real content to the concept of qualified immunity”); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (“One of the purposes of the [] qualified immunity standard is to protect public officials from the ‘broad-ranging discovery’ that can be ‘peculiarly disruptive of effective government.’”) (citation omitted). That is because individual-capacity suits “can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.” *Anderson*, 483 U.S. at 638; *see also Iqbal*, 556 U.S. at 685 (participating in litigation, including discovery, requires a “substantial diversion” from a government official’s “proper execution of the work of the Government”). Thus, “the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery.” *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (internal quotations and citations omitted). That protection is lost when officials must participate in discovery bearing on the merits of a claim that ultimately fails to show the violation of clearly established law.

The Eleventh Circuit has recognized that “[t]he defense of . . . qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.” *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). Elsewhere, the court noted that

"[u]ntil th[e] threshold immunity question is resolved, discovery should not be allowed." *Holmes v. Hale*, 701 F. App'x 751, 756 (11th Cir. 2017) (citation omitted); *see also Carter v. DeKalb Cnty.*, 521 F. App'x 725, 728 (11th Cir. 2013) (unless plaintiff has alleged a violation of clearly established law, defendant is entitled to dismissal before the commencement of discovery); *Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009) ("[S]ubjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford.").

Indeed, under the Federal Rules of Civil Procedure, the filing of the case management report triggers the commencement of discovery, including the deadline for the exchange of initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(C), 26(d). And as the Ninth Circuit has explained, initial disclosures are a subset of discovery and the time and expense they require creates burdens similar to those created by other types of discovery. *Medhekar v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996). Even participation in the case management conference alone, as well as the filing of a case management report and discovery plan, will require consultation with SA Miller, thereby negating the very protections qualified immunity affords.

Furthermore, a stay of discovery should apply not only to the claims against SA Miller, but to the entire case. As the Supreme Court explained:

> It is no answer . . . to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the individual-capacity defendants] and their counsel to participate in the process to ensure that the case does not develop in a misleading or slanted way that causes prejudice to their position.

*Iqbal*, 556 U.S. at 685. All four claims in the Complaint are pled against the United

States and SA Miller, who is the only named individual-capacity defendant. Thus, there can be no question *any* discovery would necessarily require her direct and substantial involvement. The litigation-avoidance protection of qualified-immunity would be entirely abrogated absent a stay of discovery on all claims. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (district court decision to order discovery without addressing qualified immunity immediately appealable); *Everson v. Leis*, 556 F.3d 484, 491-92 (6th Cir. 2009) (same); *Payne v. Britten*, 749 F.3d 697, 701 (8th Cir. 2014) (same).

Even beyond resolution of the qualified-immunity defense, a stay of discovery is warranted. Discovery matters are committed to the sound discretion of the district court. *Patterson v. USPS*, 901 F.2d 927, 929 (11th Cir. 1990). Such discretion allows the court to stay proceedings as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("[C]hallenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). In making such a determination, courts take a "preliminary peek" at the motion to see if it "appears to be clearly meritorious and truly case dispositive." *See Koock v. Sugar & Felsenthal, LLP*, No. 09-609, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009).

Here, if the Court grants the dispositive motions, this case will be over, eliminating the need for discovery. And a preliminary peek at the merits reveals the motions are "clearly meritorious" and "truly case dispositive." Indeed, Plaintiffs challenge the validity of their criminal convictions. Yet, four of them are currently appealing their convictions. Thus, all claims by those four Plaintiffs are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *McDonough v. Smith*, 588 U.S. 109, 123 (2019). As for the remaining Plaintiff, Enrique Tarrio, all of his claims raise new contexts under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and courts have uniformly rejected requests to extend *Bivens* to similar claims. SA Miller has absolute immunity on the common law tort claim. She also has qualified immunity on the remaining three constitutional tort claims as the Complaint fails to plead her personal participation in a clearly established constitutional violation. Finally, the United States has sovereign immunity on all constitutional tort claims and Plaintiffs failed to exhaust their administrative remedies on the remaining common law tort claim under the Federal Tort Claims Act.

Forcing Defendants to participate in a case management conference, draft a case management report, and start discovery on claims wholly lacking in merit would be a waste of time, costly, and unduly burdensome. This is especially so given that (1) the Complaint challenges the validity of ongoing criminal cases and risks interfering with those ongoing cases; (2) Defendants have raised several dispositive immunity-based defenses, including qualified immunity; and (3) Plaintiffs have not even attempted to exhaust their administrative remedies under the Federal Tort Claims Act.

## CONCLUSION

For all these reasons, Defendants respectfully request this Court stay the case management conference, the filing of the case management report, and all discovery until it has ruled on the pending motions to dismiss.

This 25th day of August, 2025.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General,
Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Civil Division,
Torts Branch

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Senior Trial Attorney
Civil Division, Torts Branch
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7146
Washington, D.C. 20044-7146
202-598-3916
siegmund.f.fuchs@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Thomas F. Ranieri, Esq.
Augustus Invictus, Esq.

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Senior Trial Attorney
Civil Division, Torts Branch
U.S. Department of Justice