IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
Orlando Division

**Enrique Tarrio, et al.**,     )
                                )
    *Plaintiffs*,              )
                                )
v.                              )  **Case No.:** 6:25-cv-998-WWB-DCI
                                )
**United States of America, et al.** )
                                )
    *Defendants*.              )
_____)

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT
UNITED STATES OF AMERICA'S MOTION TO DISMISS**

**COME NOW** Plaintiffs Enrique Tarrio, Zachary Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola (collectively, "Plaintiffs"), by and through Undersigned Counsel, and respectfully submit this memorandum in opposition to Defendant United States of America's Motion to Dismiss (ECF No. 31) ("Motion"), and in support of same, respectfully submit the following:

**INTRODUCTION**

This case arises from egregious violations of Plaintiffs' constitutional rights by the United States and its agents during a politically motivated investigation and prosecution related to the events of 06 January 2021. Plaintiffs, who were wrongfully arrested, detained, and convicted based on fabricated evidence, witness intimidation, and other misconduct by federal agents, now seek redress under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of their Fourth, Fifth, and Sixth Amendment rights, as well as for common law malicious prosecution.

1

The United States moves to dismiss on several grounds, including the bar under *Heck v. Humphrey*, 512 U.S. 477 (1994), sovereign immunity for constitutional claims, and lack of jurisdiction and merit for the malicious prosecution claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. These arguments fail.

First, *Heck* does not bar Plaintiffs' claims because Plaintiff Tarrio's full presidential pardon constitutes a favorable termination, and the commutations of the other Plaintiffs' sentences — combined with their release from custody and ongoing appeals — satisfy the requirements under *Spencer v. Kemna*, 523 U.S. 1 (1998).

Second, sovereign immunity does not shield the United States from the FTCA malicious prosecution claim, and while *Bivens* claims are properly asserted against individual defendants, the United States' arguments do not warrant dismissal of the constitutional claims as pleaded. For the FTCA claim, Plaintiffs have either exhausted administrative remedies or, in the alternative, seek leave to amend. The discretionary function exception does not apply to unconstitutional misconduct, such as evidence fabrication and alteration, which have been alleged in the Complaint. The claim has merit under D.C. law, as the Government initiated criminal proceedings against Plaintiffs; no probable cause existed for the proceedings; malicious intent on the part of the Defendants is evident in the undue pressure upon key witnesses and the presentation of false or fabricated evidence; and the criminal proceedings were terminated in the Plaintiffs' favor.

Counsel for Plaintiffs conferred with counsel for the United States pursuant to Local Rule 3.01(g) on 11 August 2025. The United States opposes the relief requested herein.

## ARGUMENT

**I.** <u>***Heck* Does Not Bar Plaintiffs' Claims.**</u>

The United States argues that *Heck* bars the claims of Plaintiffs Rehl, Nordean, Biggs, and Pezzola (but not Tarrio) because their convictions have not been favorably terminated and their appeals are ongoing. Mot. at 5-7. This is incorrect. *Heck* requires a plaintiff seeking damages for an unconstitutional conviction to show that the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Here, all Plaintiffs satisfy this standard.

First, Tarrio's full presidential pardon constitutes a favorable termination. A pardon "expunge[s a conviction] by executive order" under *Heck*, as recognized by multiple circuits. *Wilson v. Lawrence County*, 154 F.3d 757 (8th Cir. 1998) (holding that a pardon means that a conviction is "expunged by executive order within the meaning of *Heck*"); *Wilson v. Lawrence County*, 260 F.3d 946 (8th Cir. 2001) (reiterating the holding in the 1998 *Wilson* case); *Savory v. Cannon*, 947 F.3d 409, 418-19 (7th Cir. 2020) (*en banc*) (holding that a pardon meets the *Heck* standard). In the instant case, the pardon of Plaintiff Tarrio explicitly acknowledges the "corrupt and politically motivated persecution," invalidating the conviction. Compl. ¶ 3; Ex. 1.

Second, for Rehl, Nordean, Biggs, and Pezzola, their sentence commutations by President Trump — reducing sentences to time served and releasing them from custody — coupled with ongoing appeals, satisfy *Heck*. Commutations, like pardons, are executive actions that call convictions into question, especially where, as here, they stem

3

from recognition of prosecutorial misconduct. Compl. ¶ 3. While commutation does not always vacate a conviction, it does so in this context by effectively terminating the punitive aspects and allowing Plaintiffs to pursue civil redress. *See McDonough v. Smith*, 588 U.S. 109, 123 (2019). Favorable termination under *Heck* does not require both a conviction and a pardon; it can be satisfied by other means, such as a pardon, commutation, or other executive action that calls the conviction into question.

Moreover, the *Spencer* exception applies, because Plaintiffs are no longer in custody. In *Spencer*, a concurrence joined by four Justices held that *Heck* does not apply to former prisoners who are not in custody, as they lack *habeas corpus* access to the courts. 523 U.S. at 21 (Souter, J., concurring). Multiple circuits exempt non-custodial plaintiffs from *Heck*'s bar. *See, e.g., Wilson v. Johnson*, 535 F.3d 262, 267-68 (4th Cir. 2008); *Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003) (adopting *Spencer* concurrence in similar context). Furthermore, Plaintiffs' ongoing appeals do not mean that they are barred by *Heck*. If the Plaintiffs are successful in their appeals, they will further invalidate the wrongful convictions. But *Heck* does not require final appellate resolution before suit. See *Heck*, 512 U.S. at 487 (listing methods of invalidating a conviction before filing suit, including "expunged by executive order"). Plaintiff Tarrio's conviction was indisputably expunged by executive order; the remaining Plaintiffs argue that their convictions were, as well, as the President removed all punitive measures against them and remarked upon the "grave national injustice" of the prosecutions. Compl. ¶ 99; Ex. 1. Dismissing the Complaint at this juncture would risk injustice, especially if the Plaintiffs' appeals succeed. Such an outcome would bring about the contradictory outcome that

their convictions were overturned, but they were denied redress against the Government and its agents who wronged them.

The risk of parallel litigation is minimal, as this civil suit focuses on misconduct, not on relitigating guilt. *Heck* does not bar FTCA claims outright and should not here. *See Morrow v. Fed. Bureau of Prisons*, 610 F.3d 1271, 1272 (11th Cir. 2010).

## II. Sovereign Immunity Does Not Bar Plaintiffs' Claims.

The United States asserts sovereign immunity for the constitutional (*Bivens*) claims in Counts One, Two, and Three. Mot. at 7. Plaintiffs concede that *Bivens* actions lie against individual federal officers, not the United States itself, due to sovereign immunity. However, the Complaint asserts *Bivens* claims against "Defendants," including the Defendants being sued in their individual capacities, *i.e.,* Miller and the Does, while the United States is properly named for the FTCA claim in Count Four. Compl. ¶¶ 108-30. Dismissal of the United States from the *Bivens* counts is appropriate, but the claims proceed against individuals. The Motion does not warrant dismissing the *Bivens* claims entirely.

## III. The Court Has Jurisdiction Over the Malicious Prosecution Claim, and It Has Merit.

The United States argues a lack of jurisdiction under the FTCA for failure to exhaust, the discretionary function exception, and lack of merit. Mot. at 8-14. These fail.

### A. Plaintiffs Challenge the Scope-of-Employment Certification and Request Leave to Address Exhaustion.

The United States certified that Defendant Miller acted within the scope of employment (Mot. Ex. 1), substituting itself under the Westfall Act, 28 U.S.C. § 2679(d). Plaintiffs challenge this certification. The Westfall Act permits judicial review de novo;

5

Plaintiffs bear the burden but may seek discovery and an evidentiary hearing. *See Osborn v. Haley*, 549 U.S. 225, 252 (2007); *Wuterich v. Murtha*, 562 F.3d 375, 377 (D.C. Cir. 2009). Miller's acts — evidence tampering, witness intimidation, and harassment — were motivated by personal animus, not official duties, and violated federal law, falling outside the scope of employment under D.C. law.[1]  Compl. ¶¶ 15, 85-87, 102-04; *see Haddon v. United States*, 68 F.3d 1420, 1424 (D.C. Cir. 1995) (holding that the scope is determined by whether the offending conduct furthers the employer's interests). An evidentiary hearing is warranted to resolve this factual dispute.

Regarding the Government's argument on exhaustion, Plaintiffs argue that exhaustion should be excused here due to the extraordinary circumstances of the presidential pardon and commutations which explicitly recognize "corrupt and politically motivated persecution." Compl. ¶ 3 & Ex. 1.  Courts have recognized equitable exceptions to exhaustion in rare cases where administrative remedies would be futile or inadequate, particularly in the context of constitutional torts or government misconduct.  *See McCarthy v. Madigan*, 503 U.S. 140, 146-48 (1992) (discussing exceptions, though in *Bivens* context).  The pardon and commutations underscore the futility of pursuing administrative remedies with the same agencies accused of misconduct.

That having been said, the Plaintiffs acknowledge that 28 U.S.C. § 2675(a) requires presenting claims to the appropriate federal agency before filing an FTCA lawsuit and that they have not submitted this form to the appropriate authorities as of yet. However, Plaintiffs respectfully request leave to amend the Complaint under Fed. R. Civ. P. 15(a)(2) to cure any jurisdictional defect by filing such claims and alleging compliance

---

[1] District of Columbia law is applicable here, as the Defendant's misconduct occurred in D.C.

6

with § 2675(a). Amendment is appropriate as it causes no prejudice to Defendants, given the early stage of litigation and the serious nature of the allegations.

### B. The Discretionary Function Exception Does Not Apply.

The discretionary function exception, 28 U.S.C. § 2680(a), shields policy-based decisions but not unconstitutional or illegal acts, such as fabricating evidence or witness intimidation. *See Loumiet v. United States*, 828 F.3d 935, 945 (D.C. Cir. 2016) (holding that "discretionary-function immunity is vitiated" when the Government engages in constitutional violations). Here, allegations of planting documents, destroying exculpatory evidence, and harassing families are non-discretionary abuses, not policy judgments. Compl. ¶¶ 27, 70-71, 85, 102; *see Gaubert v. United States*, 499 U.S. 315, 325 n.7 (1991).

### C. The Malicious Prosecution Claim Has Merit Under D.C. Law.

Under D.C. law, malicious prosecution requires: (1) initiation of criminal proceedings; (2) absence of probable cause; (3) malice by the Defendant; and (4) favorable termination in favor of the Plaintiff. *Moore v. United States*, 213 F.3d 705, 710 (D.C. Cir. 2000). All these elements have been met. The United States initiated proceedings via indictment. Compl. ¶ 74. No probable cause existed, as the evidence used to substantiate it was fabricated. *See, e.g.,* Compl. ¶¶ 27, 65-71 (Government agents planted the "1776 Doc."). Malice is inferred from the misconduct of the Defendants, including, *inter alia*, the destruction of exculpatory evidence, the alteration of evidence, intimidation and coercion of witnesses, the harassment and persecution of Plaintiffs and their families through de-banking, attacks on their business interests, and cancelation of their veteran's benefits. Compl. ¶¶ 15, 85. Favorable termination occurred via pardon (Tarrio) and commutations (others), which set aside convictions without

indication of guilt. *See Thompson v. Clark*, 596 U.S. 36, 49 (2022) (holding that an affirmative indication of innocence is not necessary to recognize a favorable termination). The chain of causation rests unbroken because the prosecutors relied on fabricated evidence.

Additionally, Plaintiffs have recently obtained a sworn affidavit from Jeremy Bertino, a key Government witness in the underlying criminal trial. In this affidavit, Bertino recants his prior testimony, asserting that FBI agents – specifically Defendant Nicole Miller – coerced him into falsely implicating Plaintiffs by threatening him with 25 years in prison, forcing him to lie, *inter alia*, about the events and Plaintiff Tarrio's authorship of the "1776 Document," and prohibiting him from providing exculpatory statements during proffers. Bertino states that the Proud Boys, including Plaintiffs, had no prior knowledge or plan for the 06 January 2021 events, describing them as "organic and unorganized," and that his testimony was manipulated to fit the Government's narrative through unethical tactics. This new evidence directly supports the Complaint's allegations of evidence fabrication, witness intimidation, and prosecutorial misconduct, underscoring the plausibility of Plaintiffs' claims and the reason dismissal under Rule 12(b)(6) is premature, as it raises factual disputes requiring further development. *See* Compl. ¶¶ 27-28, 85, 102. Should the Court identify any pleading deficiencies, Plaintiffs respectfully request leave to amend under Fed. R. Civ. P. 15(a)(2) to incorporate this affidavit and related details, as amendment is consistent "with the spirit of the Federal Rules" at this early stage without prejudice to Defendants. *See* Foman v. Davis, 371 U.S. 178, 182 (1962).

Though the United States is exempt from punitive damages under the FTCA, 28 U.S.C. § 2674, the Plaintiffs seek them against individuals if Westfall certification is denied.

**WHEREFORE**, and for the foregoing reasons, the Plaintiffs respectfully request that the Court deny the Defendants' Motion to Dismiss, or, in the alternative, if the Court should find it necessary, Plaintiffs request the Court grant them leave to amend the Complaint to remediate its defects, and any other action the Court deems necessary to effectuate the ends of justice.

**Respectfully submitted this 15th day of September, *Anno Domini* 2025.**

       /s/ Augustus Invictus_____
Augustus Invictus, Esq.
RANIERI & ASSOCIATES, PLC
424 E. Central Blvd. #731
Orlando, Florida 32801
Telephone: 407.625.5636
Email: invictus@tra-lawfirm.com
*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 15th September 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Thomas F. Ranieri, Esq.

Siegmund F. Fuchs, Esq.

       /s/ Augustus Invictus_____
Augustus Invictus, Esq.