**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA**
Orlando Division

| | | |
|---|---|---|
| **Enrique Tarrio, et al.**, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | **Case No.:** 6:25-cv-998-WWB-DCI |
| | ) | |
| **United States of America, et al.** | ) | |
| | ) | |
| *Defendants*. | ) | |
| _____ | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY BRIEF**

**COME NOW** Plaintiffs Enrique Tarrio, Zachary Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola (collectively, "Plaintiffs"), by and through undersigned counsel, respectfully submit this memorandum in opposition to Defendant United States of America's Motion to Dismiss (ECF No. 31) ("Motion"), and in support of same, respectfully submit the following:

The Court has no need to grant leave to reply to the Defendants because no legally cognizable motion or requests were made in the Plaintiff's Memorandum in Opposition to Defendants Motion to Dismiss.

First, "[a] request for a leave to amend must be made by motion 'in writing unless made during a hearing or trial.'" *Wiand v. ATC Brokers Ltd.*, 96 F.4th 1303, 1312 (citing *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) (quoting FED. R. CIV. P. 7(b)(1)). "The motion must 'set forth the substance of the proposed amendment or attach a copy of the proposed amendment.'" *Id.* (quoting *Cita Tr. Co. AG. V. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018)). "We explained in

*Newton* that when 'a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.'" *Wiand,* 96 F.4th at 1312 (quoting *Newton*, 895 F.3d at 1277).   Finally, from a practical situation, until the court actually finds that the Complaint is critically defective and identifies the basis for that ruling, moving to amend would be a pointless waste of the Court's time.

Second, Plaintiffs are permitted to move for an evidentiary hearing under local rules, but, similarly, that motion must be made by a separate writing.  "A party must request oral argument or an evidentiary hearing in a separate document accompanying the party's motion or response and stating the time necessary."  M.D. Fla. Local R. § 3.01(h).   As such, the Plaintiffs' mention of an evidentiary hearing in the memorandum is not a sufficient basis under the rules for granting a hearing.  Rather, if Plaintiffs wish for an evidentiary hearing, they must make one in a separate writing.

The Plaintiff's inclusion of these two contemplated actions in their opposition memorandum was intended to provide clarity to the Court about what steps the Plaintiffs are likely to take, and to flag those steps for opposing counsel.  In essence, the Plaintiffs were providing a roadmap.

That having been said, Plaintiffs' counsel did not mean to create the impression that we had conferred with the Defense regarding a motion to amend or a motion for an evidentiary hearing.  The "meet and confer" certification in the Plaintiff's opposition memorandum was related only to the motion to dismiss.

**WHEREFORE**, and for the foregoing reasons, the Plaintiffs respectfully request the Court deny the Defendants' motion for leave to file a reply.

**Respectfully submitted this 7th day of October, *Anno Domini* 2025.**

_/s/ Thomas F. Ranieri_____
Thomas F. Ranieri, Esq.
RANIERI & ASSOCIATES, PLC
424 E. Central Blvd. #731
Orlando, Florida 32801
Telephone: 540-551-2330
Email: ranieri@tra-lawfirm.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 7th, 2025 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Siegmund F. Fuchs, Esq.

_/s/ Thomas F. Ranieri_____
Thomas F. Ranieri, Esq.