# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ENRIQUE TARRIO, ZACHARY REHL,
ETHAN NORDEAN, JOSEPH BIGGS,
and DOMINIC PEZZOLA**

      **Plaintiffs,**

v.                                                                            Case No: 6:25-cv-998-AGM-DCI

**UNITED STATES OF AMERICA,
NICOLE MILLER, JOHN DOE Nos. 1-
10,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter comes before the Court on referral of Defendants' Motion to Stay Case Management Conference, Filing of Case Management Report, and All Discovery Until Court Rules of Pending Motions to Dismiss. Doc. 32 (the Motion to Stay). As will be explained, the undersigned recommends that the Court **GRANT** the Motion and **STAY** this case pending ruling on the motion to dismiss.

On June 6, 2025, Plaintiffs Enrique Tarrio, Zachary Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola (Plaintiffs) filed a complaint alleging that the United States of America (the government), Federal Bureau of Investigation Special Agent Nicole Miller (Miller), and Does 1 through 10 (collectively, Defendants) violated Plaintiffs' constitutional rights. *See generally,* Doc. 1 (the Complaint).

On August 25, 2025, the government and Miller filed separate motions to dismiss. Docs. 30, 31. They concurrently filed the instant Motion to Stay, seeking to "stay the case management

conference, the filing of the case management report, and all discovery" until the Court rules on the motions to dismiss. Doc. 32 at 1. The government's motion to dismiss raises five arguments:

> (1) all but Plaintiff Tarrio's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) the United States has sovereign immunity on all constitutional claims; (3) the Court lacks jurisdiction over the common law malicious prosecution claim because Plaintiffs failed to exhaust their administrative remedies and the discretionary function exception bars the claim; (4) the malicious prosecution claim lacks merit; and (5) the United States is not liable for punitive damages.

Doc. 31 at 1. Miller's motion to dismiss raises four arguments:

> (1) all but Plaintiff Tarrio's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) SA Miller has absolute immunity for the common law tort claim; (3) the constitutional claims raise new *Bivens* contexts and special factors counsel hesitation against extending *Bivens*; and (4) SA Miller is entitled to qualified immunity because Plaintiffs fail to plead her personal participation in a clearly established constitutional violation.

Doc. 30 at 1. Thus, critically, both motions to dismiss raise assertions of immunity.

Indeed, in the Motion to Stay, Defendants contend that the motions to dismiss, if granted, are "truly case dispositive" because "Defendants have raised several dispositive immunity-based defenses." Doc. 32 at 7. Further, Defendants represent that "Plaintiffs do not oppose the issuance of a stay." *Id.* at 2. And Plaintiffs have not filed a response in opposition to the Motion to Stay, and the time for doing so has elapsed. *See* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

As Defendants assert, qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). As such, qualified immunity "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (internal quotations and citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)

2

("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery.") (internal quotations and citation omitted).

In addition, the Eleventh Circuit has opined that:

> Facial challenges to the legal sufficiency of a claim . . . should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *accord World Holdings, LLC v. Fed. Republic of Ger.*, 701 F.3d 641, 655 (11th Cir. 2012) ("Because a facial challenge to the legal sufficiency of a claim raises only questions of law, neither the parties nor the court have any need for discovery before the court rules on the motion.") (citation omitted). In *Chudasama*, the Circuit also detailed the burdens of discovery:

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

123 F.3d at 1367−68 (internal footnote omitted). In considering the district court's exercise of discretion, a judge of this district further reasoned that:

> Parties and courts should construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also* 28 U.S.C. § 471 (requiring courts to implement a plan to "facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and ensure just, speedy, and inexpensive resolutions of civil disputes"). Which aspiration a stay of discovery

3

> may promote usually depends on the unknown outcome of a motion to dismiss: if the motion is denied, delayed discovery means the determination of the action may be less speedy; if the motion is granted, delayed discovery means the determination of the action may be less expensive.

*Rokit World, Inc. et al., v. Rocket Ball, LTD*, 3:24-cv-879-WWB-PDB, at *4 (M.D. Fla. Feb. 20, 2025).

In the specific context of qualified immunity, the defense "protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004); *See Iqbal*, 556 U.S. at 686 (stating that the protection from "minimally intrusive discovery" gives "real content to the concept of qualified immunity"); *see also Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (explaining that "the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery") (internal quotations and citations omitted). Of course, the stay now requested is to all Defendants, but as to this, *Iqbal* is also informative:

> It is no answer . . . to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the individual-capacity defendants] and their counsel to participate in the process to ensure that the case does not develop in a misleading or slanted way that causes prejudice to their position.

556 U.S. at 685.

Further, the undersigned notes that district courts often take a "preliminary peek" at the motion to dismiss to assess its merits or lack thereof. *See, e.g.*, *Bufkin v. Scottrade, Inc., et al.*, 812 F. App'x 838, 841–42 (11th Cir. 2020) (holding a district court did not "clearly err" in staying discovery pending rulings on motions to dismiss and compel arbitration after taking a "preliminary peek" at the motions and determining "they were likely meritorious and dispositive"). But taking

such a preliminary peek is neither required by binding precedent nor done uniformly. *See, e.g.*, *Pereira v. Regions Bank*, 2012 WL 5448191, at *1 (M.D. Fla. Nov. 7, 2012) (granting a motion to stay discovery and finding, "[w]ithout expressing any opinion on the ultimate merits of Defendant's motion to dismiss, it appears after a brief glance that the motion is dispositive and perhaps meritorious"). One magistrate judge in this district carried out the analysis as follows:

> While the undersigned does not delve deeply into the merits of the defendants' many independent arguments for dismissal, lest two busy judges undertake the same comprehensive analyses, the undersigned can say that no argument appears frivolous or made to delay, and some or all of the arguments appear strong. In any event, the defendants' victory on some arguments means the lawsuit ends, and no discovery, with its attendant expense, need occur.

*Rokit World, Inc. et al., v. Rocket Ball, LTD*, 3:24-cv-879-WWB-PDB, at *7 (M.D. Fla. Feb. 20, 2025).

Here, the motions to dismiss, if granted, are truly case dispositive. Those motions sound in immunity (including qualified, absolute, and sovereign), include allegations of a failure to exhaust administrative remedies, and contain arguments that, with one exception, Plaintiffs' claims are barred by *Heck v. Humphrey*. *See* generally Docs. 31, 32. Though the undersigned has not engaged in an extensive analysis of the motions to dismiss, the undersigned can say that no argument appears frivolous or made to delay—a conclusion bolstered by the lack of opposition by Plaintiffs to the Motion to Stay—and that some or all of the arguments appear strong, though the undersigned does not opine on their ultimate success. The allegations in the Complaint upon which the parties would seek discovery appear particularly extensive and far-reaching, involving matters of public importance, public figures, and questions of sensitive (and extensive) law enforcement practices. Discovery based upon those allegations would inevitably be burdensome, taxing the limited resources of both the parties and the Court. Further, the undersigned notes that Defendants seek a stay at an extremely early stage in this case and concurrently with their assertions of

5

immunity. And staying the case at this early juncture may avoid not only the burdens of discovery, but the necessity of conferral over such discovery, the resulting submission of a case management report, and future motion practice seeking piecemeal extensions once the Court has entered a case management and scheduling order in the case. Finally, the undersigned reiterates that Plaintiffs do not oppose a stay.

Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** the Motion to Stay (Doc. 32) such that the case is **STAYED** pending the resolution of the motions to dismiss.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on November 3, 2025.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE