IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
Orlando Division

**Enrique Tarrio, et al.**,  )
)
*Plaintiffs*,  )
)
v.  )   Case No.:  6:25-cv-998-WWB-DCI
)
**United States of America, et al.**  )
)
*Defendants*.  )
_____)

### PLAINTIFFS' MOTION FOR EVIDENTIARY HEARING ON WESTFALL ACT CERTIFICATION

**COME NOW** Plaintiffs, Enrique Tarrio, Zachary Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola (collectively, "Plaintiffs"), by and through Undersigned Counsel, and respectfully move the Court pursuant to 28 U.S.C. § 2679(d) and Federal Rule of Civil Procedure 43(c) for an evidentiary hearing on the United States' certification that Defendant Special Agent Nicole Miller ("Miller") was acting within the scope of her employment during the alleged misconduct. In support thereof, Plaintiffs state as follows:

### INTRODUCTION

On 25 August 2025, the United States filed a Certification under the Westfall Act, 28 U.S.C. § 2679(d), asserting that Miller was acting within the scope of her federal employment with the FBI during the events giving rise to Plaintiffs' claims, thereby substituting itself as the defendant for the common law malicious prosecution claim (Count Four). See ECF No. 31, Ex. 1. Plaintiffs timely challenged this certification in their Memorandum in Opposition to the United States' Motion to Dismiss (ECF No. 33), filed 15 September 2025) and Memorandum in Opposition to Defendant Miller's Motion to

1

Dismiss (ECF No. 34, filed 15 September 2025), arguing that Miller's alleged acts — evidence tampering, witness intimidation, destruction of exculpatory material, and harassment — were motivated by personal animus, violated federal law, and fell outside the scope of her employment under District of Columbia law.

Genuine factual disputes exist regarding the nature and motivation of Miller's conduct, necessitating an evidentiary hearing for *de novo* review as required by *Osborn v. Haley*, 549 U.S. 225 (2007). Plaintiffs also request limited discovery, including depositions of Miller and relevant witnesses, to develop the record. This Motion is filed expeditiously to resolve the threshold Certification issue before the Court's ruling on the pending Motions to Dismiss, as substitution affects jurisdiction, party liability, and the applicability of Federal Tort Claims Act (FTCA) defenses.

Counsel for Plaintiffs conferred with Counsel for Defendants pursuant to Local Rule 3.01(g) on October 10, 2025.  Defendants oppose the relief requested herein.

## LEGAL STANDARD

*Westfall* certification is subject to judicial review.  *Omnipol, A.S. v. Multinational Def. Servs.*, LLC, 32 F.4th 1298.  In the Eleventh Circuit, the District Court must apply *de novo* review to the scope of employment certification when a plaintiff challenges that certification.  With that challenge, however, the burden shifts to the Plaintiff to show that that the employee acted outside the scope of employment.

A district court may permit limited discovery or conduct an evidentiary hearing to resolve competing factual claims concerning the scope-of-employment issue*.  Mullane v. Moreno*, 2025 U.S. App. LEXIS 11579.  If a plaintiff pleads sufficient facts to plausibly

2

allege that a defendant acted outside the scope of employment, the plaintiff may, if necessary, attain limited discovery to resolve any factual disputes. *See id*.

Evidentiary hearings are appropriate at this early stage to resolve Certification before the court hears substantive motions, as substitution is a threshold jurisdictional issue. *See Webb v. United States*, 24 F. Supp. 2d 608, 612 (W.D. Va. 1998) (stating that "factual issues [concerning scope] are resolved at the evidentiary hearing phase"); *see also* Middle District of Florida Local Rule 3.01(h) (party may request evidentiary hearing in separate document).

## FACTUAL BASIS FOR CHALLENGE

The Complaint alleges that Miller, in her individual capacity, engaged in egregious misconduct during the investigation and prosecution of Plaintiffs for their alleged roles in the events at the U.S. Capitol on 06 January 2021. Specifically, Plaintiffs allege that Miller accessed privileged attorney-client communications (e.g., Rehl's emails) without authorization (Compl. ¶ 79.); that Miller destroyed exculpatory evidence and altered records to conceal informant meetings, including planting or fabricating documents like the "1776 Returns" (Compl. ¶¶ 27, 65-71, 95-97); and that Miller intimidated witnesses and harassed Plaintiffs' families to gain unfair trial advantages (Compl. ¶¶ 85, 102-04, 127-28).

These acts were not routine investigative duties but were motivated by personal or political animus, violating federal law (e.g., 18 U.S.C. § 1512 (tampering)) and constitutional rights. Such conduct does not further the FBI's interests and falls outside scope of employment under D.C. law. *Haddon*, 68 F.3d at 1424 (holding that acts "completely unrelated" to the employee's duties are outside scope).

Supporting evidence includes the Affidavit of Jeremy Bertino, a key Government witness in the underlying criminal trial (*United States v. Nordean*, No. 21-cr-175 (D.D.C.)). Ex. A, Bertino Affidavit. Bertino recants his testimony, stating FBI agents coerced him with threats of 25 years' imprisonment, lied about Tarrio's authorship of the "1776 Returns" document, and manipulated his statements to fit a false narrative of planned insurrection. Ex. A, Bertino Aff. ¶¶ 3-6. This directly implicates Miller's role in unethical tactics, raising factual disputes about her intent and actions.

Without an evidentiary hearing, the Court cannot resolve these disputes on the papers alone, as Certification review requires *de novo* fact-finding. *Osborn*, 549 U.S. at 252.

**ARGUMENT**

The Westfall Act authorizes the Attorney General to certify that a federal employee was acting within the scope of employment at the time of the alleged tort, substituting the United States as the defendant and immunizing the employee from personal liability. 28 U.S.C. § 2679(d)(1). However, this Certification is not conclusive and is subject to *de novo* judicial review upon challenge by the plaintiff. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995) (holding that scope-of-employment certification is reviewable in court); *Osborn v. Haley*, 549 U.S. 225, 229-31 (2007) (holding that the trial court must resolve disputes concerning Westfall Certification).

Where the plaintiff presents evidence creating a genuine factual dispute as to scope, the court must hold an evidentiary hearing to resolve it. *Osborn*, 549 U.S. at 252; *Wuterich v. Murtha*, 562 F.3d 375, 377 (D.C. Cir. 2009) (stating that the plaintiff is entitled to discovery and hearing when the plaintiffs "allege sufficient facts that, taken as true,

would establish that the defendant['s] actions exceeded the scope of [his employment]"). The scope of employment is determined by the law of the jurisdiction where the acts occurred, which, in this case, is the District of Columbia. 28 U.S.C. § 2679(d)(1); *see also Haddon v. United States*, 68 F.3d 1420, 1424 (D.C. Cir. 1995) (applying D.C. *respondeat superior* principles to scope of employment analysis).

Under D.C. law, an act is within scope if it is "of the kind [the employee] is employed to perform," "occurs substantially within the authorized time and space limits," and is "actuated, at least in part, by a purpose to serve the master." *Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 663 (D.C. Cir. 2006) (quoting Restatement (Second) of Agency § 228 (1958)). Acts motivated by personal animus, illegal conduct, or those not furthering the employer's interests fall outside the scope. *Haddon*, 68 F.3d at 1424 (holding that threats to defendant are outside scope); see also *Trump v. Carroll*, 101 F.4th 155, 167 (2d Cir. 2024) (holding that defamatory statements are not in scope if personal).

Plaintiffs' challenge to the Westfall Certification creates genuine factual issues warranting a hearing. The government's certification is *prima facie* evidence that the agent's actions were within the scope of employment. Plaintiffs' allegations and evidence, however, are permitted to rebut the presumption created by Westfall Certification by showing Miller's acts were unlawful and not in furtherance of FBI duties. Key disputes here include whether Miller's evidence alteration and destruction were policy-driven or bad-faith abuses (Bertino Aff. ¶ 5); whether intimidation and harassment served FBI interests or personal/political goals (Compl. ¶¶ 85, 102); and the issue of Miller's intent, which requires the elicitation of testimony.

A hearing is necessary before resolving the Motions to Dismiss, as Certification affects party status and defenses (*e.g.*, FTCA exceptions apply only if the United States Government is substituted for Defendant Miller). See *Webb*, 24 F. Supp. 2d at 612 (holding that a hearing is required before substantive rulings can be made). Per Local Rule 3.01(h), Plaintiffs request a two-hour evidentiary hearing.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and set an evidentiary hearing on the Westfall Act Certification. Plaintiffs request oral argument.

**Respectfully submitted this 20th day of November, *Anno Domini* 2025.**

    /s/ Thomas F. Ranieri  
Thomas F. Ranieri, Esq.  
RANIERI & ASSOCIATES, PLC  
33 Cedarside Court  
Front Royal, Virginia 22630  
Telephone: 540-551-2330  
Email: ranieri@tra-lawfirm.com  
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 20th, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Siegmund F. Fuchs, Esq.

    /s/ Thomas F. Ranieri  
Thomas F. Ranieri, Esq.