UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ENRIQUE TARRIO, ZACHARY REHL,
ETHAN NORDEAN, JOSEPH BIGGS,
AND DOMINIC PEZZOLA,

        Plaintiffs,

v.                                      CASE NO. 6:25-cv-0998-AGM-DCI

UNITED STATES OF AMERICA and
NICOLE MILLER, individually,

        Defendants.
_____/

**DEFENDANTS' SUPPLEMENTAL BRIEF ON WESTFALL DISCOVERY**

On August 25, 2025, Defendants United States and FBI Special Agent (SA) Miller filed a motion to stay discovery ("Motion") until after resolution of their dispositive motions. *See* ECF 32 at 1. Plaintiffs did not oppose. *See id*. at 2. On November 3, 2025, Judge Irick issued a recommendation that the Court grant the Motion. *See* ECF 39 at 1. On January 15, 2026, the Court requested briefing regarding how discovery may proceed on the United States' Westfall Act certification. For the reasons set forth in Defendants' Motion, the Court should adopt Judge Irick's recommendation. But if the Court is inclined to authorize Westfall Act discovery, then it should permit only targeted discovery regarding the narrow facts Plaintiffs have alleged in the Complaint to rebut the United States' certification.

    **I.**    **Plaintiffs Are Not Entitled to Discovery to Challenge the Westfall Certification.**

The United States filed a Westfall Act certification on August 25, 2025, finding that "Nicole Miller was acting within the scope of her federal office or employment at the time of the incident out of which Plaintiffs' fourth claim for relief . . . arose." ECF 31-1. By operation of law, "the employee is [then] dismissed from the action, and the United States is substituted

as defendant in place of the employee." *Osborn v. Haley*, 549 U.S. 225, 230 (2007). "The United States . . . must remain the federal defendant in the action *unless and until*" the court determines that the defendant "engaged in conduct beyond the scope of his employment." *Bowles v. United States*, 685 F. App'x 21, 24 (2d Cir. 2017) (quoting *Osborn*, 549 U.S. at 231) (summary order) (emphasis added).

A Westfall Act certification "serves as *prima facie* evidence that the employee conduct at issue occurred within the scope of employment." *Omnipol, A.S. v. Worrell*, 421 F. Supp. 3d 1321, 1337 (M.D. Fla. 2019), *aff'd sub nom.*, 32 F.4th 1298 (11th Cir. 2022); *see also Council on Am. Islamic Rels. v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006) (the certification "constitute[s] *prima facie* evidence that the employee was acting within the scope of his employment"). "Because the Government's certification triggered automatic substitution under the Westfall Act, the burden shifted to [Plaintiffs] to affirmatively contest the certification's validity if [they] wished to prevent substitution." *Beary v. Harris Cnty.*, No. 24-20371, 2025 WL 1577820, at *4 (5th Cir. June 4, 2025). To meet this burden, Plaintiffs must furnish "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." *Omnipol*, 421 F. Supp. 3d at 1339.

Discovery is generally not permitted to enable a plaintiff to mount a challenge against a Westfall certification. *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1305 (11th Cir. 2022) (affirming denial of discovery where allegations fail to give rise to a plausible scope challenge); *Glover v. Donahoe*, No. 13-2040, 2014 WL 1923798 (N.D. Ala. May 13, 2014) (denying Westfall challenge prior to any discovery). This is because forcing a defendant to participate in discovery, including through initial disclosures, is a de facto denial of her

2

rights under Westfall and diminishes the protections that Congress intended her to enjoy. *See Wuterich v. Murtha*, 562 F.3d 375, 382 (D.C. Cir. 2009) (erroneously ordering discovery "subjects the employee to the burden of defending a suit, a burden from which the Westfall Act spares him"). Courts therefore hold that Westfall discovery orders are subject to immediate appeal. *Id.* (district court order deferring scope ruling pending discovery is subject to immediate appeal). Initial disclosures in a case like this would also be particularly time-consuming and burdensome, as the criminal case involved hundreds of thousands of pages of documents.

Limited Westfall discovery may be permitted, but "only when a plaintiff alleges sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment." *Id.* at 378 (citation omitted). At the January 15, 2026, hearing, it was suggested that, to trigger Westfall discovery, Plaintiffs need only proffer a "prima facie case" that SA Miller *might* have acted outside of scope of her employment. Not so. Plaintiffs need to "allege with particularity facts relevant to the scope-of-employment issue." *Bello v. United States*, 93 F. App'x 288, 289 (2d Cir. 2004).

Plaintiffs do not allege any facts, let alone *sufficient* facts, establishing that SA Miller acted outside the scope of her federal employment with respect to Plaintiffs' claim; to the contrary, Plaintiffs repeatedly allege the opposite. For instance, Plaintiffs allege that SA Miller's conduct occurred "during the investigation and prosecution of Plaintiffs." ECF 41 at 3. Later, Plaintiffs allege that SA Miller was at all times acting "within the scope of [her] employment" for purposes of the malicious prosecution claim. *See* ECF 1 ¶ 136. These concessions end the scope of employment debate and preclude Westfall discovery. *See Trump v. Clinton*, 626 F. Supp. 3d 1264, 1283-84 (S.D. Fla. 2022) (denying similar Westfall

challenge under D.C. law in a malicious prosecution case alleging FBI agents commenced a large-scale investigation, recognizing it is well within scope for FBI agents to investigate cases, even if they did so maliciously as part of a political witch hunt). Because Plaintiffs failed to allege the requisite facts, they "forfeited the opportunity to contest the scope-of-employment question." *Beary*, 2025 WL 1577820, at *4.

Furthermore, Plaintiffs may not engage in Westfall discovery *in search of evidence* to rebut the Government's certification. *See Gutierrez de Martinez v. DEA*, 111 F.3d 1148, 1155 (4th Cir. 1997) (improper to order deposition of federal employee in search of possible inconsistencies related to scope). Here, Plaintiffs proposed at the January 15, 2026, hearing a broad range of discovery to determine *if* SA Miller destroyed exculpatory evidence, *if* she intimidated witnesses, and *if* she directed a confidential informant to spy on the criminal defense team. That is the very type of fishing expedition that is not permitted and that courts routinely deny in Westfall cases. *See* ECF 43 at 4 (collecting cases); *see also Wuterich*, 562 F.3d at 386 (denying Westfall discovery "for facts that *might* give rise to a viable scope-of-employment claim"); *Omnipol*, 421 F. Supp. 3d at 1339 (denying Westfall discovery where plaintiffs failed to forecast specific facts that discovery would show but rather gave examples of broad topics they would like to explore); *Adigweme v. Dep't of Veteran Affs.*, No. 25-295, 2025 WL 2697852, at *5 (M.D. Fla. Sept. 5, 2025) (denying Westfall discovery where plaintiff merely relied on the complaint's allegations, asserted the court "does not have sufficient information" to resolve the issue, and failed to provide any specifics as to what information plaintiff has or needs); *Glover*, 2014 WL 1923798, at *3 ("[T]he inability to conduct discovery on the issue does not prevent [plaintiff] from making good-faith, factual arguments that the alleged conduct was not within the scope.").

4

**II.     If the Court Permits Westfall Discovery, Then the Court Should Authorize Only Narrow, Limited Discovery.**

If the Court somehow finds that Plaintiffs have alleged specific facts sufficient to rebut the United States' Westfall certification, then the Court should permit only targeted discovery. That discovery must be limited to factual allegations Plaintiffs have already made in the Complaint regarding the scope-of-employment question and that are relevant to the malicious prosecution claim. The Court should not permit Plaintiffs to use discovery to identify evidence of additional conduct that might give rise to a viable scope challenge. *Wuterich*, 562 F.3d at 386; *see also Mullane v. Moreno*, No. 21-13468, 2025 WL 1386666, at *9 n.5 (11th Cir. May 14, 2025) (any Westfall discovery should be limited and narrow as possible). Only then might Plaintiffs be entitled to narrow Westfall discovery, and only if the Court identifies a genuine fact dispute. *See Gutierrez*, 111 F.3d at 1155 ("Only if the district court concludes that there is a genuine question of fact material to the scope-of-employment issue should the federal employee be burdened with discovery and an evidentiary hearing."); *Stout v. Okla. Highway Patrol*, No. 13-753, 2015 WL 127820, at *6 (W.D. Okla. Jan. 6, 2015) (collecting cases for proposition that Westfall discovery is disfavored absent a fact dispute).

**III.    Plaintiffs Are Not Entitled to Discovery Related to Qualified Immunity.**

A motion to dismiss raising qualified immunity should be decided at the earliest stages of a case and prior to discovery. *See* ECF 32 at 3-5 (collecting cases). Courts routinely stay discovery while considering a qualified immunity defense. *See id*. To the extent the Court is inclined to permit Plaintiffs to engage in discovery of the Westfall Act certification, it should not permit discovery regarding SA Miller's qualified immunity defense. Defendants therefore renew their request that all discovery regarding the qualified immunity defense be stayed.

This 23rd day of January, 2026.    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General,
Torts Branch

PAUL E. WERNER
Assistant Director, Torts Branch

*/s/ Siegmund F. Fuchs*
SIEGMUND F. FUCHS
Senior Trial Counsel
Civil Division, Torts Branch
U.S. Department of Justice
P.O. Box 7146
Washington, D.C. 20044-7146
202-598-3916
siegmund.f.fuchs@usdoj.gov

Attorneys for the United States of America and SA Miller

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on January 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

  Thomas F. Ranieri, Esq.

                                            /s/ Siegmund F. Fuchs
                                            SIEGMUND F. FUCHS
                                            Senior Trial Counsel
                                            Civil Division, Torts Branch
                                            U.S. Department of Justice