IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
Orlando Division

| | |
|---|---|
| **Enrique Tarrio, et al.**, | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No.: 6:25-cv-998-WWB-DCI |
| **United States of America, et al.** | ) |
| *Defendants*. | ) |

## PLAINTIFFS' *WESTFALL* DISCOVERY BRIEF

**COME NOW** Plaintiffs Enrique Tarrio, Zachary Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola (collectively, "Plaintiffs"), by and through undersigned counsel, and respectfully submit this brief on the question of whether the Court should grant limited discovery to the Plaintiffs to give them an opportunity to rebut the Defendant United States of America's ("government") *Westfall* Certification that Defendant S.A. Nicole Miller ("Miller") and the John and Jane Does ("Does")'s (collectively, "Defendants") actions were within the scope of their employment when they violated the Plaintiffs' Constitutional rights in furtherance of their malicious prosecution of the Plaintiffs, and in support of same, respectfully submit the following:

### DISCUSSION OF AUTHORITY

In the instant case, the government has argued that Miller is immune from suit because the government certified under the *Westfall* Act that she was acting within the scope of her employment as defined by District of Columbia law. *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1305-06 (11th Cir.2022)). With that certification, the rebuttable presumption that the employee has absolute immunity from the lawsuit is established, and, if sustained, the United States is to be substituted as the defendant in the stead of Miller. *Id.*, *see*

*Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Ct. App. 2008). Plaintiffs have challenged the government's *Westfall* certification, and have requested for limited discovery to rebut it. The government opposes the challenge and the Court must decide whether to permit discovery or not. Unfortunately, there is no easy answer to assist the Court in making that determination.

There is a tension between the laws implicated in the instant suit. The *Westfall* Act explicitly excludes immunity for federal employees who commit Constitutional torts. 28 U.S.C. § 2679(b)(2)(A). Malicious prosecution inherently implicates Constitutional violations and the Supreme Court has itself recognized that "the gravamen of the Fourth Amendment claim for malicious prosecution . . . is the wrongful initiation of charges without probable cause. And the wrongful initiation of charges without probable cause is likewise the gravamen of the tort of malicious prosecution." *Thompson v. Clark*, 596 U.S. 36, 43 (2022).[1] *Westfall* certification, however, creates a presumption that the federal employee being sued was acting within the scope of their employment, and is therefore immune from suit. 28 U.S.C. § 2679(d). Then, the U.S. is substituted as the defendant, but the U.S. maintains sovereign immunity against suits for malicious prosecution. 28 U.S.C. § 2680(h). Consequently, as argued by the government in the instant case, this appears to mean that the government can excuse its employees unconstitutional acts using *Westfall* certification, substitute itself, and then dismiss the suit under the doctrine of sovereign immunity. This formulation effectively neuters the cause of action for malicious prosecution, as neither the government nor its agents may be held to account for actions which violate the Constitution if the government does not consent to suit by withholding *Westfall* certification.[2]

---

[1] On this issue, the 11th Circuit, *Doe v. Smith*, 809 Fed. Appx. 638, 645 (11th Cir. 2020), and D.C. Circuit, *Pitt v. Dist. of Columbia*, 491 F.3d 494, 510-511 (D.C. Ct. App. 2007), are in accord with the Supreme Court.

[2] It is also worth noting that this interpretation of the FTCA, the *Westfall* Act, and the law of Constitutional torts creates a massive moral hazard for federal law enforcement officers who are thereby empowered to violate

Under such circumstances, the Court must consider whether the government's *Westfall* certification should be given the deference for which the government argues, as it attempts to baptize the unconstitutional acts of Miller (and the Does) and cover them in the grace of *Westfall* certification. If, however, the Court believes that it should still provide the *Westfall* certification deference in this case, that presumption is rebuttable, and, due to the specific allegations in the Complaint, limited discovery is warranted. That being said, the 11th Circuit "has not yet establish[ed] a standard for deciding whether a plaintiff is entitled discovery to challenge such a certification." *Mullane v. Moreno*, 2025 U.S. App. LEXIS 11579*, ft. 5 (11th Cir. 2025) (citing *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1310 (11th Cir.2022)).

Despite the lack of a standard for discovery in *Westfall* certification challenges, "[t]he district court may have occasion to consider whether and to what extent discovery should be allowed related to the Westfall Act certification of [Miller]." *Id.* "[I]f a plaintiff pleads sufficient facts to plausibly allege that a defendant acted outside the scope of employment, the plaintiff 'may, if necessary, attain "limited discovery" to resolve any factual disputes.'" *Id.* (quoting *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009)). "If discovery is permitted, it should be limited in scope." *Id.* (citing *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 251 (4th Cir. 2018)). "To rebut the Certification of Scope of Employment [sic], Plaintiff 'must submit specific evidence or the forecast of specific evidence that contradicts the [government's] certification decision . . . ." *Adigweme v. Dep't of Veteran Affairs*, 2025 U.S. Dist. 173516, *12 – 15 (U. S. Dist. M.D. Fla. 2025) (citing *Omnipol, A.S.*, 32 F.4th at 1333-34.)

The Plaintiffs have submitted both specific evidence and a forecast of specific evidence that contradict the government's *Westfall* certification. In their Complaint, the Plaintiffs allege

---

victim's Constitutional rights, provided that the government approves of the violation and is willing to certify it as within the scope of their employment.

that Miller and the Does "out of a personal animus against the Plaintiffs, and in coordination with other employees of the FBI and DOJ, destroyed exculpatory evidence and altered evidence to make it incriminating to the Plaintiffs." Dkt. 1, pgs. 5, 16-17.  Miller and her colleagues discussed reading Rehl's attorney's emails discussing the case, and utilizing that knowledge to prepare their own case against the Plaintiffs.  Dkt. 1, pg. 15, Ex. 9.  In her testimony during the criminal trial, Miller testified that she embedded two Confidential Informants ("CI") with the Plaintiffs to surveil the Plaintiffs' defense attorneys and trial strategy.  Dkt, pg. 15.  She was also ordered to alter evidence to obscure the fact that CIs were embedded to observe and report on the actions of the Plaintiffs' criminal defense team, and undertook that alteration.  Dkt. 1, pg. 16.  Miller (and the Does), also knowingly propounded an unconstitutionally vague and completely novel theory of conspiracy to ensure the incarceration of the Plaintiffs.  Dkt.1, pgs. 20-22.   The actions alleged in the Complaint are flagrant violations of the Plaintiffs Fourth, Fifth, and Sixth Amendment rights under the U.S. Constitution, and were untaken to ensure that Miller (and the Does) were able to successfully execute their malicious prosecution of the Plaintiffs in order to incarcerate them for their politically incorrect viewpoints. Dkt. 1, pgs. 18-20.

      The Complaint establishes a *prima facie* case that Miller and the Does acted outside the scope of their employment when they violated the Plaintiffs' Constitutional rights in furtherance of their malicious prosecution of the Plaintiffs.  The government argues that the Plaintiff has not provided sufficient evidence to rebut its *Westfall* certification at the same time as it withholds such evidence from the Plaintiffs and refuses to provide initial disclosures or engage in discovery.[3]  In effect, the government is asking the Plaintiffs to take their word for that Miller

---

[3] Plaintiffs did not object to the government's initial request to stay discovery until the motions to dismiss the suit were ruled upon, but would have if the government disclosed that it would attempt to remove Miller from the malicious prosecution suit by arguing that the Plaintiffs had no evidence to rebut the *Westfall* certification.  Insofar

did not violate their Constitutional rights. Unsurprisingly, the Plaintiffs are unwilling to accept the government's word, as their wrongful prosecution and imprisonment constituted a "grave national injustice" that required a Presidential pardon and commutation to correct.[4]

As such, the Plaintiffs request that they be given the opportunity to engage in limited discovery on the issue of whether Miller was acting within the scope of her employment for the purposes of the malicious prosecution claim. Specifically, the Plaintiffs would pursue discovery in accord with the D.C. test for scope of employment test[5], which would cover: the nature of Miller's conduct, its temporal and spatial context, its purposes, whether it involved malice or bad faith, the policies governing it, and whether her conduct was undertaken at the behest of identifiable third parties. If Miller's conduct was defensible, then let her defend it.

In conclusion, this Court should either overrule the Defendant's argument that its *Westfall* Certification, which prevents litigation against Miller (and the Does) for their unconstitutional conduct because it falls within their scope of employment, is due deference, or, in the alternative, grant limited discovery to permit the Plaintiffs to gather the necessary evidence to establish that Miller's (and the Does') conduct was outside the scope of their employment to rebut the presumption established by the government's *Westfall* certification.

---

as it is unclear, the Plaintiffs have withdrawn their consent from the motion to stay and demand to be allowed to conduct discovery.

[4] *Granting Pardons and Communication of Sentences for Certain Offenses Relating to the Events At or Near the United States Capitol on January 6, 2021*, Trump, Donald J., THE WHITE HOUSE, https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/ (last accessed May 9, 2025).

[5] "District of Columbia law . . . defines the scope of employment in accordance with the Restatement (Second) of Agency (1958) []. The Restatement provides in pertinent part, that: [c]onduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) if is actuated, at least in part, by a purpose to serve the master, and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master." *Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Ct. App. 2008) (quoting RESTATEMENT (SECOND) OF AGENCY § 228(1)).

**Respectfully submitted this 25th day of January,** *Anno Domini* **2025.**


           __/s/ Thomas F. Ranieri_____
           Thomas F. Ranieri, Esq.
           RANIERI & ASSOCIATES, PLC
           33 Cedarside Court
           Front Royal, Virginia
           Telephone: 540-550-2330
           Email: ranieri@tra-lawfirm.com
           *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 25, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Siegmund F. Fuchs, Esq.


           ___/s/ Thomas F. Ranieri____
           Thomas F. Ranieri, Esq.