## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
Orlando Division

| | |
|---|---|
| **Enrique Tarrio, et al.**, | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No.:  6:25-cv-998-WWB-DCI |
| **United States of America, et al.** | ) |
| *Defendants*. | ) |

## VERIFIED DISCLOSURE OF THIRD-PARTY FUNDING

**COME NOW** Plaintiffs Enrique Tarrio, Zachary Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola (collectively, "Plaintiffs"), by and through undersigned counsel, and respectfully submits this, its Verified Disclosure of Third-Party Funding.  I have reviewed the Court's Standing Order Requiring Disclosure of Third-Party Litigation Funding ("Order") and after inquiry with my clients I have determined that a portion of the legal fees paid by the Plaintiffs to the firm were derived from a "GiveSendGo" ("GSG") campaign that was created for fundraising legal fees, and which was started in or around May 2022 and ended in or around July 2025.  Ex. A – GSG Campaign Page.

During the course of the GSG campaign existence, over 2,264 small donations were made by hundreds or thousands of small donors ("Donors").  Ex. B – GSG Campaign Contributions.  Exhibit B provides the self-reported names of the Donors, the amount of their donation, the date and time of the donation, and whether the donation was successfully collected. Some individuals donated under anonymous names, some used their first names only, and some used sobriquets, initials, or otherwise made attempts to conceal their identities.  To make their donation, they only needed to provide an email address.  The Donors' email addresses were

redacted in Exhibit B as the Order appears not to require disclosure of email addresses, and because the Plaintiffs were concerned for the privacy and digital safety of the donors. The donations were not made to fund this suit specifically and were not made upon any conditions. There is no way to track which portion of the donations was used in any payment to the firm. The Donors have no interest in the case; their donations were made with charitable intent to assist the Plaintiffs with legal fees generally. Neither the Plaintiffs nor their counsel has a contract with any of the Donors. No Donors' approval is required for any litigation or settlement decision in the case. To the Plaintiffs and Plaintiffs' counsel's best knowledge, none of the donors is affiliated with a foreign government or governments, and none of the money was derived from a foreign government or governments.

    The Plaintiffs do not have the addresses of any of these donors. I will be making a motion for clarification to ask the court whether it would like me to contact every donor and attempt to collect their full names and addresses, and, if so, to request guidance on a timeline acceptable to the Court for the Plaintiffs to collect that information, because of the high number of people who donated to the GSG campaign. Even with that extra time, Plaintiffs' counsel is not confident that he will be able to successfully contact each Donor, that each Donor will respond to counsel's inquiry, or that all or any Donor will be willing to provide their address to Counsel. That inquiry would also have to include a request that the Donor disclose whether they are affiliated with, or otherwise receiving funding of any type from, a foreign government or governments, and which government or governments those would be.

    GSG is a 501(c)(3) charity that hosts crowdfunding pages for individuals to raise money, but, under the Order's guidance that it should be interpreted as broadly as possible, could be said to be a corporate parent or affiliate to each of the Donors, as described by Order (I)(C)(5).

GSG's address is #1067, 167 South Broadway, STE 5, Salem, New Hampshire 03079l. GSG has no interest in the case. Beyond the website's terms and conditions for fundraising campaigns, a copy of which the Plaintiffs do not have, the Plaintiffs have no contractual relationship with GSG. Plaintiffs' counsel does not have a contract with and has had no contact of any kind with GSG. GSG's approval is not required for litigation or settlement decisions in this action. To the best of Plaintiff and counsel's knowledge, GSG is not affiliated with or receives funding of any type from a foreign government or government. If we become aware of such funding or affiliation, we will supplement this disclosure.

    The Order stated that we must disclose "any person or entity that is not a party . . . who has . . . arranged to fund some or all of a party's attorney fees and/or expenses related to this action." Order (I)(B) Giving that definition the widest possible interpretation, and even though neither of the following two people donated or added their personal funds to assist in paying legal fees in the instant suit, they organized the GSG campaign and arranged to transfer the initial payment for this suit to this firm through GSG. First, the GSG account was created by Zuny Tarrio, Enrique Tarrio's mother, and the campaign funds were received into an account owned by Gladys Pardo, Enrique Tarrio's aunt, and disbursed to the firm by Gladys Pardo through the bank account she used to receive the GSG funds. Ex. A – GSG Campaign Page. Zuny Tarrio and Gladys Pardo reside together at 1290 SW 142 Ct., Miami, Florida 33184. Neither Zuny Tarrio nor Gladys Pardo has an interest in the case beyond their personal relationship with Plaintiff Tarrio. No contract exists between Zuny Tarrio and the Plaintiffs or Plaintiffs' counsel, and no contract exists between Gladys Pardo and the Plaintiffs or Plaintiffs' counsel. Neither Zuny Tarrio nor Gladys Pardo's approval is necessary for litigation or

settlement decisions in the action. Neither Zuny Tarrio nor Gladys Pardo is in any way affiliated with or receiving funding of any type from any foreign government or governments.

Plaintiffs acknowledge that the obligations imposed by the Order are continuing and that they must supplement their disclosure if and when such supplementation is required to accurately reflect the involvement of Third-Party Funders at all times throughout the pendency of this action.

**Respectfully submitted this 12th day of March, *Anno Domini* 2026.**

>   __/s/ Thomas F. Ranieri_____
>   Thomas F. Ranieri, Esq.
>   RANIERI & ASSOCIATES, PLC
>   33 Cedarside Court
>   Front Royal, Virginia
>   Telephone: 540-550-2330
>   Email: ranieri@tra-lawfirm.com
>   *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 12, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Siegmund F. Fuchs, Esq.

>   ___/s/ Thomas F. Ranieri____
>   Thomas F. Ranieri, Esq.