## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ENRIQUE TARRIO, ZACHARY REHL, ETHAN NORDEAN, JOSEPH BIGGS, DOMINIC PEZZOLA,**

        **Plaintiffs,**

      **v.**                          **Case No.:  6:25-cv-00998-AGM-DCI**

**UNITED STATES OF AMERICA, NICOLE MILLER, JOHN DOE I-X,**

        **Defendants.**

_____

## <u>ORDER</u>

After the 2020 election and as part of a politically-motivated persecution of supporters of President Donald J. Trump, the Plaintiffs allege that the power of the federal government was leveraged to (1) investigate and prosecute them, without probable cause; (2) tap and record their attorney-client privileged phone conversations; (3) illegally monitor and review their attorney-client email correspondence; (4) gain an unfair advantage by using wrongfully-gathered information to prosecute them; (5) manufacture "evidence" of guilt by deliberately misrepresenting context and content of the wrongfully-gathered evidence; (7) search and seize their private property, without probable cause; (8) convince a federal judge to adopt a novel legal theory that made Plaintiffs criminally liable for actions taken by people with whom Plaintiffs had never been in contact; (9) place a paid confidential informant on their legal team, who reported on Plaintiffs' attorney-client communications and trial strategy; and (10) threaten an exculpatory witness with criminal prosecution, if he testified on behalf of Plaintiffs.

In response, the named Defendants have filed various motions.  However, on review of the Complaint, the Court finds that certain technical pleading issues not raised by the defense necessitate resolution before the Court rules on Defendants' motions.  For that reason, the Complaint is dismissed so that it can be amended to resolve the technical pleading matters.  Because amendment will render the defense motions moot, those motions may be refiled when the complaint has been amended.

Although "it is much easier in the short term" to overlook technical pleading requirements, "district courts have the power and the duty to define the issues at the earliest stages of litigation" and it is appropriate to "demand repleader." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).  To that end, Federal Rules of Civil Procedure 8 and 10 provide requirements for pleadings.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 10(b) requires the complainant "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Where doing so would promote clarity, "each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense."  Fed. R. Civ. P. 10(b).

The Eleventh Circuit has identified four types of technical pleading requirements that frequently lead to dismissals with leave to replead.  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015).  "The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the

2

entire complaint." *Id.* The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. The third type fails to "separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23. The fourth type "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Here, the technical issue is that the Complaint does not allege specifically enough who did what. *See Barmapov v. Amuial,* 986 F.3d 1321, 1325 (11th Cir. 2021) (explaining a pleading that asserts a claim against multiple defendants "without specifying which of the defendants are responsible for which acts or omissions" is a prohibited shotgun pleading). For example, the Complaint repeatedly describes "Defendants" without specifically attributing conduct to each:

> ¶ 108 First, the *Defendants* had no probable cause to investigate or prosecute the Plaintiffs. The *Defendants* were aware that no evidence supported the allegations and had to use underhanded and unconstitutional methods in order to convict the Plaintiffs.

> ¶ 117 The *Defendants* utilized a novel legal theory called the "tool" theory. Under this theory, the *Defendants* argued that any wrongful or illegal action taken by any member of the crowd present on January 6 was attributable to the Plaintiffs, regardless of whether any of the Plaintiffs had actually ever directed, spoken to, or even known the person committing the crime.

> ¶ 128 Second, the *Defendants*, acting under the color of law, violated the Plaintiff's Sixth Amendment right to have witnesses appear in their defense by threatening Lt. Lamond with criminal prosecution if he proceeded with his intention of testifying on behalf of the J6 Defendants.

> 133 ¶ The *Defendants* prosecuted the Plaintiffs despite knowing that the Plaintiffs neither participated in the events of January 6 nor organized and coordinated them; indeed, they had to invent a whole new legal theory, stack

the jury, breach attorney-client communications, and imbed a paid government informant in order to convict them

(Doc. # 1 ¶¶ 108, 117, 128, 133) (emphases added).

Because the Complaint's allegations do not specify which defendant is alleged to be responsible for which act involving which plaintiff, the pleading fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland*, 792 F.3d at 1323.  Although certain paragraphs of the Complaint allege that Special Agent Miller and the John Doe defendants are not entitled to qualified immunity from Counts I, II, and III (which implies that Plaintiffs concede that the United States is entitled to such immunity), these three counts are alleged against all Defendants.  At a hearing, Plaintiffs' counsel conceded that Counts I, II, and III only lie against Special Agent Miller and the John Doe defendants, which further justifies repleader.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1. Plaintiffs' Complaint (Doc. # 1) is **DISMISSED without prejudice** for the purpose of repleader;

2. Defendant Miller's Motion to Dismiss for Failure to State a Claim (Doc. # 30) is **DENIED** as moot without prejudice;

3. Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (Doc. # 31) is **DENIED** as moot without prejudice;

4.    Defendants' Unopposed Motion to Stay Case Management Conference, Filing of Case Management Report, and All Discovery Until Court Rules on Pending Motions to Dismiss (Doc. # 32) is **DENIED** as moot without prejudice;

5.    Plaintiffs' Motion for Hearing on Westfall Act Certification (Doc. # 41) is **DENIED** as moot without prejudice;

6.    The Magistrate Judge's Report and Recommendation (Doc. # 39) is not adopted, because its recommendations are moot; and

7.    Plaintiffs are **GRANTED** until April 30, 2026, to file an amended complaint in compliance with this Court's Order.  Failure to timely comply with this Court's order may result in dismissal of the case without further notice.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 10, 2026.

_____
ANNE LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:

Counsel of Record