**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ENRIQUE TARRIO, ZACHARY REHL,
ETHAN NORDEAN, JOSEPH BIGGS,
AND DOMINIC PEZZOLA,

          Plaintiffs,

v.                                    CASE NO. 6:25-cv-0998-AGM-DCI

UNITED STATES OF AMERICA,
NICOLE MILLER, individually, and
JOCELYN BALLANTINE, individually,

          Defendants.

_____/

**DEFENDANTS MILLER AND BALLANTINE'S UNOPPOSED MOTION**
**FOR LEAVE FOR AN EXTENSION OF THE PAGE LIMITATION**

Defendants Special Agent (SA) Nicole Miller and Deputy Chief Jocelyn Ballantine,

through undersigned counsel, move for leave for an extension of the page limitation, seeking an

additional five pages for their joint motion to dismiss the second amended complaint.

Plaintiffs challenge their convictions for conduct related to an "incursion" into the United

States Capitol on January 6, 2021. ECF 61 ¶¶ 5-10. The underlying criminal prosecution, which

is still ongoing for four Plaintiffs, lasted approximately four years and has over 1,000 docket

entries. Originally, Plaintiffs brought three constitutional claims under *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of the Fourth,

Fifth, and Sixth Amendments; and one common law claim for malicious prosecution. At that

time, the only defendant named in her individual capacity was SA Miller.

Under the Local Rules, motions are limited to 25 pages. L.R. 3.01(a). On August 21,

2025, SA Miller requested an additional five pages to complete her motion to dismiss. ECF 27.

In support, she noted that while the original complaint only pled four counts, Count One alleged the Fourth Amendment was violated in *nine* different ways, Count Two alleged the Fifth Amendment was violated, and Count Three alleged the Sixth Amendment was violated in *five* different ways. That was *fifteen* separate constitutional violations. SA Miller explained that in her motion to dismiss, she would need to analyze whether each violation presented a new context for purposes of *Bivens* and whether special factors counsel hesitation against extending *Bivens* for each violation. She would also need to analyze whether all fifteen constitutional violations sufficiently alleged her personal participation in a constitutional violation and whether the law for each was clearly established under existing precedent.

On August 21, 2025, Judge Berger—then-presiding over the case—denied the request for an additional five pages finding no good cause shown. ECF 28. SA Miller managed to file a motion to dismiss just within the 25-page limitation. ECF 30. On May 15, 2026, Plaintiffs amended their complaint. ECF 61. They added an additional common law malicious prosecution claim, *three* new claims under 42 U.S.C. § 1985(2), one new claim under 42 U.S.C. § 1985(3), and one new claim under 42 U.S.C. § 1986. In addition to the fifteen federal constitutional violations previously mentioned, SA Miller will need to address these five new federal statutory violations. And the second amended complaint also adds Deputy Chief Jocelyn Ballantine as a defendant on every count. Deputy Chief Jocelyn will need to address whether the Court has personal jurisdiction over her, whether she has absolute prosecutorial immunity over any of the twenty federal constitutional or statutory violations, whether all twenty federal and statutory constitutional violations sufficiently allege her personal participation in a constitutional violation, and whether any of the new claims against her are timely. While it is possible for SA Miller and Deputy Chief Ballantine to file separate 25-page motions to dismiss, so many of the

2

issues overlap that filing separate motions would only duplicate efforts and needlessly complicate this case. *See* L.R. 3.01(h) (prohibiting parties from incorporating by reference all or part of any other motion, legal memorandum, or brief).

For all these reasons and for good cause shown, SA Miller and Deputy Chief Ballantine respectfully request the Court grant their motion and allow them an additional five pages for their joint motion to dismiss the second amended complaint. If the Court is disinclined to allow an additional five pages, they would appreciate any additional pages the Court would allow.

**LOCAL RULE 3.01(g) CERTIFICATION**

Counsel have conferred under Local Rule 3.01(g) via email. Plaintiffs do not oppose.

**CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

This 3rd day of June, 2026.                              Respectfully submitted,

                                                        BRETT A. SHUMATE
                                                        Assistant Attorney General,
                                                        Civil Division

3

JONATHAN D. GUYNN
Deputy Assistant Attorney General, Torts
Branch

PAUL E. WERNER
Assistant Director, Torts Branch

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Senior Trial Counsel
Civil Division, Torts Branch
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7146
Washington, D.C.  20044-7146
202-598-3916
siegmund.f.fuchs@usdoj.gov

Attorneys for Miller and Ballantine

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Thomas F. Ranieri, Esq.

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Senior Trial Counsel
Civil Division, Torts Branch
U.S. Department of Justice