**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**
(Orlando Division)

| | | |
|---|---|---|
| **Enrique Tarrio, et al.**, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | **Case No.:**  6:25-cv-998-WWB-DCI |
| | ) | |
| **United States of America, et al.** | ) | |
| | ) | |
| *Defendants*. | ) | |
| _____ | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
<u>SUBSTITUTE EXHIBITS</u>**

**COME NOW** Plaintiffs Enrique Tarrio, Zachary Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola (collectively, "Plaintiffs"), by and through undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. Pro. 5.2 for leave to file substitute redacted versions of Exhibits 5 and 13 filed with the Amended Complaint and in support thereof states:

1.      Plaintiff filed the Complaint in this action on June 6, 2025, attaching various exhibits, including Exhibit 5 and Exhibit 13. (ECF No.1).

2.      On April 30, 2026, Plaintiff filed the Amended Complaint, which also attached Exhibit 5, 6, and Exhibit 13. (ECF No. 57).

3.      Upon review, undersigned counsel has identified that Exhibits 5 and 13, as filed with the Complaint (ECF No.1) and Exhibits 5, 6, and 13, with the First Amended Complaint (ECF No. 57), contain sensitive personal identifying information, including Social Security numbers and dates of birth belonging to Plaintiff's clients and members of their families.

Page **1** of **4**

4.      Fed. R. Civ. Pro. 5.2(a)(1)-(2) requires that, in any filing with the Court, a party must redact all but the last four digits of any Social Security number or taxpayer identification number and must include only the year when an individual's date of birth is at issue.

5.      The unredacted personal identifying information contained in Exhibits 5, 6, and 13 was included inadvertently. The public availability of such information on the Court's docket poses a significant risk of identity theft and other harm to Plaintiff's clients and their family members.

6.      Plaintiff has prepared redacted versions of Exhibit 5, 6, and 13 in which all Social Security numbers have been redacted to show only the last four digits, and all dates of birth have been redacted to show only the year of birth, in compliance with Fed. R. Civ. Pro. 5.2(a). The redacted exhibits are otherwise identical in all material respects to the original with the exception of the redaction.  These redacted exhibits are attached to this motion.

7.      Properly redacted exhibits were included with the filing of the Second Amended Complaint.

8.      Pursuant to Local Rule 3.01(g), undersigned counsel conferred with counsel for Defendant via email regarding the relief sought in this Motion. Defendant's counsel confirmed that Defendant does not oppose this Motion. No party will be prejudiced by the relief requested herein.

**WHEREFORE**, and for the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order (a) granting Plaintiff leave to file substitute redacted versions of Exhibits 5 and 13 with ECF No. 1, (b) granting Plaintiff leave to file substitute redacted versions of Exhibits 5, 6, and 13 with ECF No. 57, (c) directing the clerk to replace the currently filed versions of Exhibits 5 and 13 at ECF Nos. 1 and Exhibits 5, 6, and 12 at ECF No. 57 with the substitute

redacted exhibits attached hereto *nunc pro tunc* and, (c) granting such other and further relief as the Court deems just and proper.

**Respectfully submitted this 23rd day of June, *Anno Domini* 2026.**

 /s/ Thomas F. Ranieri_____
Thomas F. Ranieri, Esq.
RANIERI & ASSOCIATES, PLC
424 E. Central Blvd. #731
Orlando, Florida 32801
Telephone: 540-551-2330
Email: ranieri@tra-lawfirm.com
*Counsel for Plaintiffs*

**<u>Certification Under Penalty of Perjury that Artificial Intelligence
Was Used in the Preparation of This Filing</u>**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence.  Artificial intelligence was used in the preparation of this filing in the following way: initial research on motion, and assistance in structuring motion using the Lexis AI Protégé tool.  However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case.  I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure.  I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person singing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11.  If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission ot practice in the Middle District of Florida could be revoked or suspended.  Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on June 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Siegmund F. Fuchs, Esq.

Jason Peter Hernandez

Joseph J. Onorati

Paul David Brachman

_/s/ Thomas F. Ranieri_____
Thomas F. Ranieri, Esq.
