**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| ENRIQUE TARRIO, ZACHARY REHL, ETHAN NORDEAN, JOSEPH BIGGS, AND DOMINIC PEZZOLA,<br><br>　　　　　　　　Plaintiffs,<br><br> v.<br><br>UNITED STATES OF AMERICA and NICOLE MILLER, individually,<br><br>　　　　　　　　Defendants. | Case No.: 6:25-cv-00998-AGM-DCI |

**METROPOLITAN AFRICAN METHODIST EPISCOPAL CHURCH'S**
**REQUEST FOR LEAVE OF COURT TO FILE A REPLY**

Pursuant to Local Rule 3.01(e), the Church respectfully moves for leave to file a five (5) page reply in support of its Motion to Intervene (the "Motion"). Replies are warranted for good cause where they "could aid in the resolution of [] pending motions." *Herezi v. 31-W Insulation Co., Inc.*, 2025 WL 1913203, at *1 (M.D. Fla. May 1, 2025). Good cause exists to respond to Plaintiffs' Opposition to the Motion (the "Opposition") for several reasons.

First, the Opposition's central premise is that intervention is unnecessary because the Church has "adequate alternative remedies" to enforce its liens. *See, e.g.,* Opp. at 4 (describing "multiple alternative remedies, including supplementary proceedings, post-judgment garnishment, levy, and

contempt sanctions."). Plaintiffs do not address *Babbitt* or the numerous other decisions cited by the Church, Motion at 10-11, which recognize that lienholders may intervene notwithstanding the theoretical availability of other collection remedies. In any event, Plaintiffs' proposed remedies necessarily depend on the availability of the assets against which enforcement is sought. The Judgment Debtors have, however, repeatedly disregarded discovery orders regarding their assets and signaled their intent not to satisfy the Church's judgment, *see* Motion at 4-6, all of which frustrates the "alternative remedies" suggested by Plaintiffs. The Church tried to address this, after the Opposition was filed, by asking Plaintiffs if they would agree to hold any Net Proceeds from this action due to the Judgment Debtors in escrow, up to the amount of the Church's liens, pending resolution of the alternative enforcement remedies Plaintiffs propose. As of the date of this filing, the Judgment Debtors have not agreed. Although the Church is open to continued negotiations, its inability to secure the funds in question to date through alternative means further underscores the need for intervention. A short reply would permit the Church to further address this issue and its bearing on the impairment analysis in factor three of the standard for intervention.

Second, the Opposition's principal timeliness argument warrants a brief response. Plaintiffs contend that the Church should have moved to intervene when this action was filed in June 2025. Opp. at 5. Yet Plaintiffs

simultaneously argue that intervention requires a specific interest in the funds at issue, not merely a generalized creditor interest. Opp. at 3. The two positions cannot be reconciled—Plaintiffs cannot simultaneously contend that the Church should have sought intervention before obtaining and perfecting the very lien interests they argue are required. Regardless, timeliness turns on prejudice resulting from delay, not the mere passage of time. *See Georgia v. U.S. Army Corps*, 302 F.3d 1242, 1259 (11th Cir. 2002). The Opposition identifies no prejudice. This action remains at the pleading stage, and the Opposition concedes that the parties are "no closer now to settlement" than they were previously. Opp. at 6. A short reply would permit the Church to address these arguments and assist the Court in resolving the timeliness issue.

Finally, the Opposition argues that intervention would require this Court's "ongoing federal court supervision" of net-proceeds calculations, exemptions, fee carve-outs, and apportionment among the Plaintiffs. Opp. at 9. That is wrong. The Church holds liens for a determinable amount and seeks only to preserve the Net Proceeds payable to the Judgment Debtors, up to that amount, before disbursement. It does not ask this Court to calculate, allocate, or adjudicate anything. Any dispute concerning the Church's liens would be resolved by the courts that entered them. A reply would permit the Church to clarify the limited relief it seeks.

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**

By: */s/ Jason P. Hernandez*
Jason P. Hernandez (Florida Bar No. 18598)
Joseph J. Onorati (Florida Bar No. 92938)
150 West Flagler Street
Suite 2200
Miami, Florida 33130
Tel: (305) 789-3200
Email: jonorati@stearnsweaver.com
          jhernandez@stearnsweaver.com

*Counsel for Plaintiff Metropolitan African Methodist Episcopal Church*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Paul D. Brachman*
Paul Brachman (*pro hac vice*)
 2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7300
Fax: (202) 223-7420
Email:  pbrachman@paulweiss.com

*Counsel for Plaintiff Metropolitan African Methodist Episcopal Church*

5

## <u>CERTIFICATION OF SERVICE</u>

I HEREBY CERTIFY that on July 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Siegmund F. Fuchs
Thomas F. Ranieri, Sr.

*/s/ Jason P. Hernandez*
Jason P. Hernandez

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that on July 6, 2026, counsel for the Church conferred with counsel for Defendants via email regarding this motion. Defendants' counsel, Siegmund F. Fuchs, advised that Defendants do not take a position on the instant motion. I further certify that on July 1 and July 7, 2026, counsel for the Church requested from Plaintiffs' counsel, Thomas F. Ranieri, Sr., Plaintiffs' position on this motion. Plaintiffs oppose this Motion.

*/s/ Jason P. Hernandez*

## Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing to spell-check the motion. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this

certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

*/s/ Paul D. Brachman*