UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ENRIQUE TARRIO, ZACHARY
REHL, ETHAN NORDEAN,
JOSEPH BIGGS, DOMINIC
PEZZOLA,

       Plaintiffs,

   v.                                                    Case No.:  6:25-cv-00998-AGM-DCI

UNITED STATES OF AMERICA,
NICOLE MILLER, JOHN DOE I-X,

       Defendants.
_____

## ORDER

THIS CAUSE is before the Court on a *sua sponte* review of the file and Plaintiffs'

Motion for Leave to File Substitute Exhibits (Doc. # 78; the "Motion"), which is unopposed.

The Second Amended Complaint (Doc. # 61) is due to be dismissed without prejudice for

failure to comply with technical pleading requirements and the Motion is due to be granted in

part and denied in part.

### A.     Technical Pleading Requirements

On review of the Second Amended Complaint, it is apparent that while Plaintiffs made

a good faith effort to address the technical pleading deficiencies previously identified, more

work remains to be done.  As previously noted, a complaint fails to comply with Rules 8 and

10 if the complaint contains multiple counts and each count adopts the allegations of all

preceding counts.  *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th

Cir. 2015).  A complaint is also defective if it "assert[s] multiple claims against multiple

defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

For avoidance of doubt, the core issue is this: "specifically who do the Plaintiffs allege did what, and to who?" In the Second Amended Complaint, it appears the Plaintiffs endeavored to comply with the prior dismissal Order by amending to refer to certain Defendants as "Count [number] Defendants." (*See, e.g.*, Doc. # 61 ¶¶ 142, 150, 153, 159, 161, 165, 204.) But this still impermissibly groups Defendants together, which obscures the core "who is alleged to have done what, and to who" question.

Additionally, the Second Amended Complaint continues to improperly incorporate all prior paragraphs into each count. (*Id.* ¶¶ 139, 151, 160, 174, 190, 202.) As a result, the Second Amended Complaint puts the responsibility on the defendants and the Court to identify which factual allegations Plaintiffs assert are relevant to which claim. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical [technically defective pleading] contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."); *Harris v. Pub. Health Tr. of Miami-Dade Cty.*, No. 1:19-cv-25298-KMM, 2020 WL 1933169, at *2 (S.D. Fla. Apr. 14, 2020) ("[This type of pleading] forces the district court to sift through the facts presented and decide for itself which are material to the particular claims asserted.").

Recognizing the progress made by the Second Amended Complaint, rather than dismissing this case with prejudice, Plaintiffs will again be granted leave to amend. If the Third

Amended Complaint fails to cure the defects identified here, then Plaintiffs are advised that dismissal with prejudice may follow.

### B.     The Motion

In the Motion, Plaintiffs seek to address their inadvertent filing of certain exhibits to the Complaint (Doc. # 1) and Amended complaint (Doc. # 59), which contain personal information that should have been redacted pursuant to Rule 5.2 of the Federal Rules of Civil Procedure.  Under Rule 5.2(a), "[u]nless the court orders otherwise," court filings that contain social security numbers, taxpayer identification numbers, birth dates, the names of individuals known to be a minor, or financial account numbers may include only "(1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number."

The exhibits at issue contain personal confidential information that should have been redacted under Rule 5.2(a), the failure to redact that information creates exposure for nonparties, and the request is unopposed.  Because good cause has been shown to grant the requested relief, the Clerk will be directed to strike and remove from the docket exhibits 5 and 13 to the Complaint (Doc. # 1).  Further, the Clerk will be directed to strike and remove from the docket exhibits 5, 6, and 13 to the Amended Complaint (Doc. # 59).  In all other respects, the Motion is denied.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1.     The Second Amended Complaint (Doc. # 61) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.  Plaintiffs are granted twenty days from the date of this Order to file a Third Amended Complaint; and

2.     Plaintiffs' Motion for Leave to File Substitute Exhibits is **GRANTED** to the extent that the Clerk is directed to **STRIKE** and **REMOVE** Exhibits  5 and 13 to the Complaint (Doc. #  1-5, 1-13) and Exhibits 5, 6, and 13 to the Amended Complaint (Doc. # 59-5, 59-6, 59-13).  The Motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 17, 2026.

ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:

Counsel of Record

4