**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ENRIQUE TARRIO, *et al.*,

Plaintiffs,

v. CASE NO. 6:25-cv-0998-AGM-DCI

UNITED STATES OF AMERICA, *et al.*,

Defendants.
_______________________________________/

**DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS**

Defendant United States of America, through undersigned counsel and under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), moves to dismiss the third amended complaint and submits the following.

**SYNOPSIS**

Plaintiffs challenge their convictions for conduct related to events at the United States Capitol on January 6, 2021. They bring two common law malicious prosecution claims, one under D.C. law (Count Four) against the individual federal defendants and one under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) and §§ 2671-2680 (Count Five) against the United States. The United States has substituted itself as the sole defendant on Count Four. That means both claims plead the same cause of action against the same defendant and thus, Count Four is duplicative and should be dismissed on that basis. The Court should also dismiss both claims for the following reasons: (1) the Court lacks subject matter jurisdiction because Plaintiffs admittedly failed to exhaust their administrative remedies prior to filing suit; (2) the discretionary function exception bars both claims; and (3) the malicious prosecution claims lack merit.

## BACKGROUND

"On January 6, 2021, there was an incursion into the Capitol building by elements of the federal government, leftist agitators, and Trump supporters." ECF 82 ¶ 28. Plaintiffs Enrique Tarrio, Zachary Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola were prosecuted and convicted for conduct related to the events that occurred at the United States Capitol building on that day. *Id.* ¶¶ 6-10. All Plaintiffs, except Tarrio, were "present" on January 6. *Id.* ¶ 29. Plaintiffs also "spoke with people who were at the Capitol before, during, and after January 6." *Id.* ¶ 30. "Based on these communications" and a document titled "1776 Returns" allegedly planted in Tarrio's email inbox, "the government [indicted], charged, and convicted the Plaintiffs of planning the incursion into the Capitol." *Id.* ¶¶ 31-33; *see also* Third Superseding Indictment, *United States v. Nordean*, No. 21-cr-175 (D.D.C. June 6, 2022) (ECF 380).[1] Eventually, Tarrio was pardoned, ECF 82 ¶ 6, and the indictment against the others has since been dismissed. *United States v. Nordean*, No. 21-cr-175 (D.D.C. July 10, 2026) (ECF 1097).

Federal Bureau of Investigation Special Agent (SA) Nicole Miller was "involved with the investigation and prosecution of the Plaintiffs" and Deputy Chief Jocelyn Ballantine of the United States Attorney's Office for the District of Columbia was "one of the prosecutors on the team." ECF 82 ¶¶ 16-18. Both are sued in their individual capacities. *Id.* at 1. In the present lawsuit, Plaintiffs plead multiple counts, but only two are relevant for purposes of this motion: (1) Count Four, which pleads a common law malicious prosecution claim under D.C. law against SA Miller and Deputy Chief

[1] The Court may consider documents incorporated in the complaint. *Gill v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019). The Court may also take judicial notice of filings from other proceedings under Rule 201 of the Federal Rules of Evidence. *United States v. Humana, Inc.*, 776 F.3d 805, 811-12 & n.4 (11th Cir. 2015).

Ballantine; and (2) Count Five, which pleads a common law malicious prosecution claim under the FTCA against the United States. *Id.* ¶¶ 196-229. The thrust of both claims is that there was no probable cause to prosecute Plaintiffs. *Id.* ¶¶ 209, 225.

## STANDARDS OF REVIEW

"A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). The court must also eliminate any legal conclusions. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation). After isolating the "well pleaded factual allegations," the court must "then determine whether they plausibly give rise to an entitlement to relief." *Randall*, 610 F.3d at 710.

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be facial or factual. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial attack, the complaint's allegations are presumed true and the court is "required merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1233 (11th Cir. 2008) (citations omitted). In a factual attack, subject-matter jurisdiction is challenged irrespective of the pleadings and the court can independently weigh the facts without viewing them in the light most favorable to the non-movant. *Odyssey Marine*

*Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) (citations omitted).

## ARGUMENT

### I. The United States Substitutes Itself for the Individual Defendants on the Malicious Prosecution Claim Brought Under D.C. Common Law.

The third amended complaint pleads a malicious prosecution claim under D.C. common law against SA Miller and Deputy Chief Ballantine in their individual capacities. However, the Federal Employees Liability Reform and Tort Compensation Act of 1988, §§ 5, 6, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (codified at 28 U.S.C. § 2679) (Westfall Act), makes the FTCA "the *exclusive* remedy for most claims against Government employees arising out of their official conduct." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (emphasis added). Once the Attorney General or his or her designee certifies that the named employee was acting within the scope of her employment, the common law tort claim against the employee is dismissed on the basis of absolute immunity and deemed a claim *exclusively* against the United States under the FTCA. *See* 28 U.S.C. § 2679(d)(1); *see also Osborn v. Haley*, 549 U.S. 225, 229, 247 (2007) (Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties"); *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1305 (11th Cir. 2022) ("Upon such certification, the employee is dismissed from the action and the United States is substituted in her stead.").

Pursuant to the delegation of authority from the Attorney General, 28 C.F.R. § 15.4, the Acting Director of the Civil Division's Torts Branch has certified under 28 U.S.C. § 2679(d)(2) that SA Miller and Deputy Chief Jocelyn Ballantine were acting in

the scope of their employment at the time of the incident out of which the common law tort claim arose. *See* Scope of Employment Certification of Jonathan D. Guynn, Acting Director, Torts Branch, Civil Division, Department of Justice (attached as Exhibit 1). Thus, by operation of law, SA Miller and Deputy Chief Ballantine are dismissed from Count Four and that claim must proceed against the United States under the FTCA.

## II. The Court Should Dismiss Count Four as Duplicative.

Upon substitution of the United States under the Westfall Act, Counts Four and Five both plead malicious prosecution claims against the United States under the FTCA. Plaintiffs concede D.C. common law governs both claims. ECF 82 ¶¶ 203, 221. "Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Manning v. Carnival Corp.*, No. 12-22258, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) (citation omitted). "To promote judicial economy, a court should dismiss claims that are duplicative of other claims." *Id.*; *see also I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986) (explaining that federal courts have inherent administrative power to dismiss duplicative litigation to avoid wasting judicial resources). Because Counts Four and Five are identical claims against the same defendant stemming from identical allegations governed by the same legal standard, Count Four should be dismissed as duplicative of Count Five.

## III. The Court Lacks Subject Matter Jurisdiction Under the FTCA.

### A. Plaintiffs failed to exhaust their administrative remedies.

The FTCA is a limited waiver of sovereign immunity, providing a remedy against the United States for the torts of its officers and employees while acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976). Although the

United States has waived sovereign immunity through the FTCA, it can only be sued in accordance with the terms of that limited waiver. *Id.* at 814; *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984). Before filing an FTCA lawsuit, a plaintiff must fully exhaust his claims by first presenting them to the appropriate federal agency. 28 U.S.C. § 2675(a); *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). Plaintiffs Tarrio, Biggs, Rehl, and Pezzola admit they did not submit administrative claims until after filing this lawsuit and Plaintiff Nordean has filed no administrative claim at all. ECF 82 ¶ 122. By filing suit in federal court before exhausting their claims, Plaintiffs failed to heed the FTCA's clear statutory command and dismissal is required for lack of subject matter jurisdiction. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).

The Supreme Court has explicitly held that attempting to exhaust administrative remedies after filing suit does not satisfy the FTCA's exhaustion required, even if no substantial progress has been made in the litigation when the administration claim was submitted. *See McNeil*, 508 U.S. at 111-12. As the Court explained:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*Id*. at 112. In so holding, the Court emphasized, "[w]e are not free to rewrite the statutory text." *Id.* at 111. The Court noted the potential harshness of this result, but concluded, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* at 113 (citation omitted). Accordingly, the only proper remedy for a prematurely

filed suit is dismissal. *Id.*; *see also O'Brien v. United States*, 137 F. App'x 295, 301-02 (11th Cir. 2005) (dismissal of FTCA suit proper where it was filed before exhausting administrative remedies, even though plaintiff exhausted those remedies shortly after filing suit); *Davis v. United States*, 272 F. App'x 863, 866 (11th Cir. 2008) (same); *see also Kellom v. Quinn*, 86 F.4th 288, 292 (6th Cir. 2023) (only way to cure jurisdictional defect of failing to exhaust prior to filing suit is to timely file new suit after exhaustion).

**B. The discretionary function exception bars the malicious prosecution claims.**

Even if the FTCA claims were properly exhausted, dismissal is appropriate. While the FTCA waives the sovereign immunity of the United States for certain damages actions based on the negligence and other wrongful acts or omissions by federal employees, it is limited by several exceptions, including the discretionary function exception. 28 U.S.C. § 2680(a). Under that exception, the United States retains sovereign immunity for acts that were (1) discretionary, and (2) based on public policy considerations. *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988). When it comes to government officials reviewing evidence and concluding that probable cause exists sufficient to initiate criminal proceedings, such actions "are quintessential examples of governmental discretion in enforcing the criminal law, and, accordingly, courts have uniformly found them to be immune under the discretionary function exception." *Gray v. Bell*, 712 F.2d 490, 513 (D.C. Cir. 1983); *see also Trupei v. United States*, 304 F. App'x 776, 783 (11th Cir. 2008). Because the malicious prosecution claims challenge the

discretionary decision to bring criminal charges, the discretionary function exception to FTCA liability applies and the Court lacks subject matter jurisdiction over the claims.[2]

## IV. The Malicious Prosecution Claims Fail on the Merits.

Plaintiffs fail to sufficiently plead essential elements of malicious prosecution, which defeats both malicious prosecution claims. Under D.C. law, the tort of malicious prosecution has four elements: (1) the defendant's initiation or procurement of a criminal proceeding against the plaintiff; (2) absence of probable cause for the proceeding; (3) malicious intent on the part of the defendant; and (4) termination of the proceeding in favor of the plaintiff. *Moore v. United States*, 213 F.3d 705, 710 (D.C. Cir. 2000) (citation omitted). Turning to the first element, the chain of causation for initiating a criminal proceeding is broken where a prosecutor makes an independent decision to initiate or continue the case, unless law enforcement applied undue pressure or presented knowingly false or fabricated evidence to the prosecutor. *Moore*, 213 F.3d at 710; *Dellums v. Powell*, 566 F.2d 167, 192 (D.C. Cir. 1977). Here, a grand jury indicted Plaintiffs. Prosecutors were obviously involved in presenting the case to the grand jury. In fact, Plaintiffs allege Deputy Chief Ballantine herself participated in that decision. ECF 82 ¶ 205. But they never allege law enforcement applied any undue pressure on her or presented any evidence to her that was knowingly false or fabricated. To the contrary, Plaintiffs allege Deputy Chief Ballantine was fully aware of the nature of the evidence

[2] The discretionary function exception does not apply where law enforcement relied on knowingly false or fabricated evidence to initiate a prosecution. *Linder v. United States*, 937 F.3d 1087, 1091 (7th Cir. 2019). Here, the only allegation that even comes close to reliance on knowingly false or fabricated evidence is the claim the Government falsely attributed an emailed document entitled, "1776 Returns" to Plaintiffs even though no evidence shows they opened it. ECF 82 ¶ 209. But Plaintiffs elicited testimony along these lines at trial, from the Government's own witness no less, and a jury rejected the evidence and still convicted. Thus, the Government acted well within its discretion to rely on the "1776 Returns" evidence notwithstanding the unfounded assertion by Plaintiffs it was falsely attributed to them.

and still made an independent decision to prosecute. *Id.* That alone is a fatal defect. Accordingly, the malicious prosecution claims fail under the first element of the tort.

Second, Plaintiffs fail to sufficiently plead the next element, lack of probable cause. "Probable cause is not a high bar" and requires only "a probability or substantial chance of criminal activity." *Dist. of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (citations omitted). Under D.C. law, probable cause exists where the facts and circumstances "warrant a cautious man in the belief that his action and the means taken in prosecuting it are legally just and proper." *Katz v. Dist. of Columbia*, 285 A.3d 1289, 1311 (D.C. 2022). Officers are not required to credit innocent explanations. *Nicols v. Woodward & Lothrop, Inc.*, 322 A.2d 283, 286 (D.C. 1974) (holding that an officer was not "obliged to believe the explanation of a suspected shoplifter"). "Probable cause must be supported by more than mere suspicion but need not be based on [the same quantum of] evidence sufficient to sustain a conviction." *DeWitt v. Dist. of Columbia*, 43 A.3d 291, 295 (D.C. 2012) (brackets in original, citation omitted). "[I]n an action for malicious prosecution, the plaintiff bears a *heavy burden* of proof to show lack of probable cause." *Id.* at 296 (citation omitted) (emphasis added).

The bare allegation that no probable cause existed, ECF 82 ¶¶ 209-10, is a legal conclusion not entitled to an assumption of truth. *United States v. Lindsey*, 482 F.3d 1285, 1292 n.5 (11th Cir. 2007). Blanket denials of wrongdoing are also insufficient. *Nichols*, 322 A.2d at 286. Further, D.C. recognizes the general rule that probable cause determinations by a grand jury or judicial officer create a presumption of probable cause that can only be overcome by allegations, with sufficient factual support, that the determination was obtained by fraud, perjury, or other corrupt means such as

misrepresenting or withholding material facts. *DeWitt*, 43 A.3d at 296; *Marcus Garvey Charter Sch. v. Wash. Times Corp.*, No. 97-9137, 1998 D.C. Super. LEXIS 40, at *13 (D.C. Super. Ct. Oct. 27, 1998); *see also Moore v. Hartman*, 102 F. Supp. 3d 35, 115 (D.D.C. 2015).

Here, a grand jury issued an indictment. Plaintiffs make no specific allegation that anyone made false statements to the grand jury. Nor do they allege or explain what in the indictment was knowingly false or fabricated. In fact, the third amended complaint makes no reference to the grand jury at all. The presumption of probable cause therefore applies.[3] While Plaintiffs allege witness Jeremy Bertino provided false testimony *at trial*, they do not allege he that testified before the grand jury. Plaintiffs rely on two other arguments as to why probable cause was lacking. First, they allege the Government relied on a novel theory of liability to support the seditious conspiracy charge. ECF 82 ¶ 209(c). But a legal theory of liability no matter how "novel" is not false or fabricated *evidence*, let alone evidence sufficient to overcome the presumption of probable cause created by the grand jury indictment. Second, Plaintiffs allege the Government falsely attributed an emailed document entitled, "1776 Returns" to Plaintiffs even though no evidence showed they opened it. *Id.* ¶ 209(b). But as Plaintiffs readily acknowledge, they presented that very argument at trial and a jury still convicted them. *Id.* ¶ 77. Thus, it can hardly be said that this fact—which failed to persuade a jury at trial—materially undermines the case for

[3] It would not have been difficult for Plaintiffs to satisfy their pleading burden if they had a case to make. They have the grand jury transcript and all exhibits. Minute Order, *United States v. Nordean*, No. 21-cr-175 (D.D.C. June 9, 2022) ("[T]he Government has already given Defendants a 160-page grand jury transcript, with exhibits."); *Lovelien v. United States*, 422 F. Supp. 3d 341, 353 (D.D.C. 2019) ("It defies 'judicial experience and common sense' to believe that Plaintiffs cannot make more specific allegations at this stage about what evidence was false, fabricated, or wrongfully withheld as part of their prosecution.") (citations omitted).

probable cause. *See Zivojinovich v. Barner*, 525 F.3d 1059, 1072 (11th Cir. 2008) (probable cause standard "significantly lower" than proof needed conviction).

Notably, the district court in the criminal case also reviewed the facts at the detention hearings and concluded that the "weight of the evidence is strong . . . even after considering the evidence and arguments advanced by" Plaintiffs.[4] The district court relied on photos of Pezzola robbing a police officer of his riot shield and using it to break a window into the Capitol. *See* Order, *United States v. Pezzola*, No. 21-cr-52 (D.D.C. Mar. 16, 2021) (ECF 25). Incontrovertible photo evidence of Nordean, Biggs, and Rehl inside the Capitol building was also used to support their arrests and detentions. *See* Criminal Complaints, *United States v. Nordean*, No. 21-cr-175 (D.D.C. Jan. 19 & Feb. 2, 2021) (ECF 1, 6) (Biggs & Nordean); Motion, *United States v. Nordean*, No. 21-cr-175 (D.D.C. Mar. 27, 2021) (ECF 37) (Rehl). While Tarrio was not at the Capitol and the district court found no "smoking gun," the court considered Tarrio's contrary arguments and still found the evidence of his involvement in a seditious conspiracy to be "very strong." Order, *United States v. Nordean*, No. 21-cr-175 (D.D.C. May 27, 2022) (ECF 370, at 11). Biggs and Nordean appealed their detention orders and the D.C. Circuit affirmed, finding no error. *See* Judgment, *United States v. Nordean*, 21-cr-175 (D.D.C. June 25, 2021) (ECF 107). Plaintiffs again make no effort to explain what evidence at the detention hearings was knowingly false or fabricated or what material facts were misrepresented or withheld. That plainly does not suffice to overcome the presumption created by the district court's finding of probable cause.

[4] *See* Detention Orders, *United States v. Nordean*, No. 21-cr-175 (D.D.C. Apr. 20 & July 1, 2021, May 28, 2022) (ECF 65, 66, 104, 372) (Biggs, Nordean, Rehl, and Tarrio); Detention Order, *United States v. Pezzola*, No. 21-cr-52 (D.D.C. Mar. 16, 2021) (ECF 26) (Pezzola); *see also Lovelien*, 422 F. Supp. 3d at 352 & n.6 (taking judicial notice of detention orders as prima facie evidence of probable cause).

For all these reasons, Plaintiffs fail to sufficiently plead malicious prosecution claims under D.C. law.

## CONCLUSION

For these reasons, the third amended complaint against the United States should be dismissed in its entirety.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel have conferred under Local Rule 3.01(g) via email. Plaintiffs oppose.

## CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING

> I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

This 20th day of August, 2026.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

PAUL E. WERNER
Assistant Director

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Senior Trial Counsel
Civil Division, Torts Branch
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7146
Washington, D.C. 20044-7146
202-598-3916
siegmund.f.fuchs@usdoj.gov

Attorneys for the United States

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Thomas F. Ranieri, Esq.

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Senior Trial Counsel
Civil Division, Torts Branch
U.S. Department of Justice