**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ENRIQUE TARRIO, *et al*.,

Plaintiffs,

v. CASE NO. 6:25-cv-0998-AGM-DCI

UNITED STATES OF AMERICA, *et al.*,

Defendants.
_____________________________________/

**DEFENDANTS' MOTION TO STAY CASE MANAGEMENT CONFERENCE, FILING OF CASE MANAGEMENT REPORT, AND ALL DISCOVERY UNTIL COURT RULES ON PENDING MOTIONS TO DISMISS**

Defendants United States of America, Special Agent Nicole Miller, and Deputy Chief Joceyln Ballantine, through undersigned counsel, move to stay the case management conference, the filing of the case management report, and all discovery until after resolution of their dispositive motions to dismiss, which raise several immunity-based defenses.

**SYNOPSIS**

The Supreme Court has repeatedly held that lower courts must resolve the threshold legal questions of absolute and qualified immunity before subjecting government officials to discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Eleventh Circuit has in fact reversed a district court for requiring parties to participate in a case management conference and to file a case management report before ruling on a pending motion to dismiss raising an immunity-based defense. *See Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017).

These decisions establish that a stay of discovery, including any participation in a case management conference and the filing of a case management report, is warranted as both pending motions to dismiss raise immunity-based defenses. Moreover, a preliminary peek at the motions reveals that they are both "clearly meritorious" and "truly case dispositive," also warranting a discovery stay. *See Koock v. Sugar & Felsenthal, LLP*, No. 09-609, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). Indeed, employing these very principles, Magistrate Judge Irick has already found a discovery stay warranted in this case. ECF 39.

**BACKGROUND**

On August 6, 2026, Plaintiffs Enrique Tarrio, Zachary Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola filed a third amended complaint challenging their convictions for conduct related to events at the United States Capitol on January 6, 2021. ECF 82. They plead multiple counts against Federal Bureau of Investigation Special Agent ("SA") Nicole Miller and Deputy Chief Jocelyn Ballantine of the U.S. Attorney's Office for the District of Columbia, both in their individual capacities, as well as the United States.

Count One alleges several Fourth Amendment violations for monitoring communications, placing an informant in the Proud Boys to report on trial strategy, and searching and seizing private property. *Id.* ¶¶ 139-45. Count Two alleges a Fifth Amendment due process violation, alleging Plaintiffs were prosecuted under an unconstitutionally vague interpretation of the seditious conspiracy statute. *Id.* ¶¶ 161-67. Count Three alleges multiple Sixth Amendment violations for monitoring attorney communications, placing an informant in the Proud Boys to report on trial strategy, and witness tampering. *Id.* ¶¶ 181-89. Counts Four and Five allege common law malicious prosecution claims under D.C. law and federal law. *Id.* ¶¶ 196-229. Finally, Counts Six and Seven plead multiple violations of 42 U.S.C. §§ 1985 and 1986 for

alleged conspiracy to commit witness tampering and for allegedly depriving Plaintiffs of equal protection of the laws. *Id.* ¶¶ 237-38. Defendants have filed dispositive motions to dismiss. ECF 87, 88. In Deputy Chief Ballantine and SA Miller's motion, they raise absolute and qualified immunity defenses. In the United States' motion, it raises sovereign immunity defenses.

Under the local rules, the time to file a case management report is 70 days after service on the United States. L.R. 3.02(b)(3). Under the Federal Rules of Civil Procedure, the filing of the case management report triggers the commencement of discovery, including the deadline for exchanging initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(C), 26(d). At the status conference held on January 15, 2026, the Court noted that no case management conference had taken place but ultimately ordered the parties to maintain the status quo pending further order from the Court. The Court then dismissed the then-operative complaint on July 17, 2026, and gave Plaintiffs until August 6, 2026, to file a third amended complaint, which Plaintiffs timely filed.

## ARGUMENT

### I. A Stay Is Warranted Because Defendants Raise Immunity-Based Defenses.

Absolute and qualified immunity are immunities from suit not just defenses to liability. *Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Supreme Court has repeatedly emphasized this point, explaining that such immunity "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (internal quotations and citation omitted); *Siegert*, 500 U.S. at 232 (likening qualified immunity to absolute immunity in this regard); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery.") (internal quotations and citation omitted). The

Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); and has made clear that such resolution should occur before permitting any discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery.").

As the Supreme Court has explained, individual-capacity suits against prosecutors and other government officials "can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987); *see also Iqbal*, 556 U.S. at 685 (participating in litigation, including discovery, requires a "substantial diversion" from a government official's "proper execution of the work of the Government"). Thus, the driving force behind creation of the absolute immunity doctrine was to protect prosecutors from "harassment by unfounded litigation [which] would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976). That protection is lost when prosecutors are required to participate in discovery bearing on the merits of a claim tied to their prosecutorial role as advocates. Similarly, "the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (internal quotations and citations omitted). That protection is also lost when officials are required to participate in discovery bearing on the merits of a claim that ultimately fails to show the violation of clearly established law.

The Eleventh Circuit has also recognized that "[t]he defense of . . . qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). Elsewhere, the Eleventh Circuit has stated that "[i]f qualified immunity is raised at the motion-to-dismiss stage, the defendant's claim is conclusively denied once the court subjects him to discovery." *SmileDirectClub, LLC v. Battle*, 4 F.4th 1274, 1288 n.3 (11th Cir. 2021). Accordingly, the Eleventh Circuit has reversed a district court order for requiring parties to participate in a case management conference and file a case management report before ruling on a pending motion to dismiss raising an immunity-based defense. *See Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017).

Based on the foregoing, a stay of discovery on all claims against Deputy Chief Ballantine and SA Miller is appropriate. And that stay should apply to all claims against the United States as well for two reasons. First, allowing discovery on the claims against the United States will necessarily require the participation of Deputy Chief Ballantine and SA Miller. As the Supreme Court has explained:

> It is no answer . . . to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the individual-capacity defendants] and their counsel to participate in the process to ensure that the case does not develop in a misleading or slanted way that causes prejudice to their position.

*Iqbal*, 556 U.S. at 685. Here, all claims are pled against Deputy Chief Ballantine and SA Miller as the only named individual-capacity defendants and as co-conspirators, including the malicious prosecution claim, which is raised against the United States as well. Thus, there can be no question any discovery ordered with respect to the claims against the United States would necessarily require the direct and substantial involvement of Deputy Chief Ballantine and SA

Miller. The protection of absolute and qualified immunity would be entirely abrogated absent a stay of discovery on all claims. *See Corbitt v. Vickers*, 929 F.3d 1304, 1309 n.2 (11th Cir. 2019) (citation omitted).

Second, the motion to dismiss raised by the United States also raises an immunity-based defense, arguing that the Court lacks subject matter jurisdiction and that the United States is entitled to sovereign immunity because Plaintiffs failed to exhaust their administrative remedies under the Federal Tort Claims Act (FTCA). *See West v. Peoples*, 589 F. App'x 923, 927 (11th Cir. 2014) (district courts lack subject matter jurisdiction over FTCA claims where plaintiff fails to first exhaust administrative remedies). Plaintiffs in fact concede they failed to exhaust their administrative remedies prior to filing suit. ECF 82 ¶ 122. Thus, this Court lacks subject matter jurisdiction over all claims against the United States, and the United States retains its sovereign immunity. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (plaintiff must exhaust under the FTCA prior to filing suit, which is subject to dismissal even if plaintiff attempts to cure that failure shortly after filing complaint); *O'Brien v. United States*, 137 F. App'x 295, 301-02 (11th Cir. 2005) (dismissal of FTCA suit proper where it was filed before exhausting administrative remedies, even though plaintiff exhausted those remedies shortly after filing suit). It would wholly displace the FTCA's exhaustion requirement if a plaintiff could simply ignore that requirement, file suit, and obtain substantial discovery through initial disclosures prior to resolution of the United States's assertion of sovereign immunity. *Cf. Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445 (11th Cir. 1996) (error for district court to order further proceedings without first ruling on motion to dismiss asserting sovereign immunity).

For all these reasons, a full discovery stay is warranted.

## II. A Stay Is Also Warranted Because the Motions to Dismiss Are Clearly Meritorious and Truly Case Dispositive.

Even beyond resolution of these immunity-based defenses, a discovery stay is warranted. Discovery matters are committed to the sound discretion of the district court. *Patterson v. USPS*, 901 F.2d 927, 929 (11th Cir. 1990). Such discretion allows the Court to stay proceedings as part of its inherent authority to control its docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("[C]hallenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). In making such a determination, district courts in the Eleventh Circuit take a "preliminary peek" at the motion to see if it "appears to be clearly meritorious and truly case dispositive." *Koock v. Sugar & Felsenthal, LLP*, No. 09-609, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009).

Here, if the Court grants the motions to dismiss, this case will be over, eliminating any need for discovery. And a preliminary peek at their merits reveals that the motions are "clearly meritorious" and "truly case dispositive." Indeed, Plaintiffs claims raise new contexts under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and courts have uniformly rejected requests to extend *Bivens* to similar claims. Deputy Chief Ballantine and SA Miller are entitled to absolute immunity on the common law tort claim alleged against them in their individual capacities. They also have absolute or qualified immunity on the constitutional tort claims as well as the multiple claims brought under 42 U.S.C. §§ 1985, 1986.

Finally, the United States has sovereign immunity on the FTCA claims because Plaintiffs failed to exhaust their administrative remedies.

Forcing Defendants to participate in a case management conference, draft a case management report, and start discovery on claims wholly lacking in merit would be a waste of time, costly, and unduly burdensome. This is especially so given that Defendants have raised dispositive, immunity-based defenses. Indeed, Magistrate Judge Irick has already reviewed a prior motion to stay and identical motions to dismiss and concluded that these same arguments warranted a full stay: "[T]he undersigned can say that no argument appears frivolous or made to delay . . . and some or all of the arguments appear strong." ECF 39 at 5. Magistrate Judge Irick further noted that "[t]he allegations in the Complaint upon which the parties would seek discovery appear particularly extensive and far-reaching, involving matters of public importance, public figures, and questions of sensitive (and extensive) law enforcement practices. Discovery based upon those allegations would inevitably be burdensome, taxing the limited resources of both the parties and the Court." *Id.* This persuasive analysis applies fully to the third amended complaint, which repleads identical claims on the same subject matters.

## CONCLUSION

For all these reasons, Defendants respectfully request the Court stay the case management conference, the filing of the case management report, and all discovery until it has ruled on the pending motions to dismiss.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel have conferred under Local Rule 3.01(g) via email. Plaintiffs oppose.

## CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

This 20th day of August, 2026.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General,
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

PAUL E. WERNER
Assistant Director

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Senior Trial Counsel
Civil Division, Torts Branch
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7146
Washington, D.C. 20044-7146
202-598-3916
siegmund.f.fuchs@usdoj.gov

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Thomas F. Ranieri, Esq.

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Senior Trial Counsel
Civil Division, Torts Branch
U.S. Department of Justice