**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
(Orlando Division)

| | | |
|---|---|---|
| **Enrique Tarrio, et al.**, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | **Case No.:** 6:25-cv-0998-AGM-DCI |
| | ) | |
| **United States of America, et al.**, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANT ONLY JOCELYN BALLANTINE**

**COME NOW** Plaintiffs Enrique Tarrio, Zachary Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola, by and through undersigned counsel, and pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, dismiss this action without prejudice as to Defendant Jocelyn Ballantine only.

"It is well established that Rule 41(a)(1)(i) grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment. *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (quoting *Pilot Freight Carriers*, 506 F.2d at 916 ("Rule 41(a)(1) means precisely what it says."); *Williams [v. Ezell]*, 531 F.2d [1261,] at 1264 [(5th Cir. 1976)] ("The court had no power or discretion to deny plaintiff's right to dismiss or to attach any

condition or burden to that right."); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) ("As the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion."); *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979) ("Rule 41(a)(1) grants a plaintiff the right to dismiss 'an action' at an early stage of the proceedings voluntarily, without prejudice, and without consent of the court.")). “The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required.” *Id.* (citing J. Moore, *Moore's Federal Practice* para. 41.02 (1988)).

Defendant Ballantine has not served an answer or a motion for summary judgment, only a motion to dismiss. A motion to dismiss is not an answer. *See PTA-Fla., Inc. v. ZTE USA, Inc.* , 844 F.3d 1299, 1307 (11th 2016). Thus, there is no impendent to the immediate dismissal without prejudice of Ballantine from this action.

This notice therefore dismisses Defendant Ballantine from this action as a matter of right, while leaving the rest of the Defendants in the action, as permitted by Fed. R. Civ. P. 41(a)(1)(A)(i). *Plains Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973) (“[P]laintiff is entitled to a dismissal against one defendant under Rule 41(a), even

though the action against another defendant would remain pending."); *In re Esteva*, 60 F.4th 664, 676-77 (11th Cir. 2023).

This Fed. R. Civ. P. Rule 41(a)(1)(A)(i) dismissal without prejudice is limited to the current action against Defendant Ballantine. It does not dismiss the action against the United States of America, FBI Special Agent Nicole Miller, or Unknown FBI Special Agents and/or Assistant United States Attorneys Does I–X.

**Respectfully submitted this 3rd day of September, *Anno Domini* 2026.**

__/s/ Thomas F. Ranieri__________
Thomas F. Ranieri, Esq.
RANIERI & ASSOCIATES, PLC
112 East 6th Street, Suite B
Front Royal, Virginia 22630
Tel: 540-551-2330
Email: ranieri@tra-lawfirm.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 3rd day of September 2026, I electronically filed the Complaint with the Clerk of Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

**Siegmund F. Fuchs, Esq.**

/s/____Thomas F. Ranieri, Esq. _______

**Certification Under Penalty of Perjury that Artificial Intelligence**
**Was Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: Lexis AI and Westlaw AI were used for legal research. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person singing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.