**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
(Orlando Division)

| | | |
|---|---|---|
| **Enrique Tarrio, et al.** | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | **Case No.:** 6:25-cv-0998-AGM-DCI |
| | ) | |
| **United States of America, et al.** | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER**

**COME NOW** Plaintiffs Enrique Tarrio, Zachary Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola ("Plaintiffs"), by and through undersigned counsel, and submit this, their memorandum in opposition to Defendants' Motion to Transfer Venue, and in support of same, respectfully submit the following:

## I. BACKGROUND

Plaintiffs filed this action in the Middle District of Florida. Defendants moved to transfer the entire case to the District of Columbia on August 20, 2026. (Defendants' Motion to Transfer at 1) The motion's § 1406(a) theory turns exclusively on Ballantine, who, Defendants argued, was not subject to personal jurisdiction or proper venue in this District.(Defendants' Motion to Transfer at 2; Defendants' Motion to Transfer at 3) After the motion was filed, Plaintiffs

voluntarily dismissed Ballantine without prejudice concurrently with the filing of this memorandum. The remaining defendants are the United States, Special Agent Nicole Miller, and unknown Doe defendants.

Plaintiff Joseph Biggs resides in this District. Dkt. 89, pg. 11. Defendants concede that one Plaintiff was arrested in this District. *Id.* at 9. The parties and non-party witnesses are dispersed across the country — witnesses in Texas, North Carolina, and Virginia, and Plaintiffs in Florida, Washington, New York, and Pennsylvania. *Id.* at 10-11.

## II. LEGAL STANDARD

The Defendants' motion advances two theories, and both fail. Its request under 28 U.S.C. § 1406(a) rested entirely on the asserted absence of personal jurisdiction and improper venue as to Deputy Chief Jocelyn Ballantine. Plaintiffs have since dismissed Ballantine without prejudice, so no defendant remains whose presence could make venue "wrong." The motion's alternative request under § 1404(a) cannot carry the Government's heavy burden to displace Plaintiffs' choice of their home forum. Therefore, the Defendants' motion should be denied.

Section 1406(a) applies only to "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a). Section 1404(a) permits transfer "[f]or the convenience of parties and witnesses, in the interest of justice," to any district where the action might have been brought. 28 U.S.C. § 1404(a). That having

been said, in considering a § 1404(a) motion, federal courts accord a plaintiff's choice of forum considerable deference, and the burden rests on the movant to establish that the proposed forum is more convenient. *In re: Ricoh Corp*., 870 F.2d 570, 573 (11th Cir. 1989).

This is a heavy burden to carry. The plaintiff's choice "should not be disturbed unless it is clearly outweighed by other considerations," and a transfer that would merely shift inconvenience from the movant to the plaintiff does not suffice. *Robinson v. Giammarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996). The nine relevant convenience-and-justice factors Courts should consider are outlined out in *Manuel v. Convergys Corp*., and also, on balance, weigh against the Defendants' motion. 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

## III. ARGUMENT

### A. Section 1406(a) provides no basis for transfer because venue in this District is proper.

28 U.S.C.A. § 1406(a) authorizes dismissal or transfer only when venue has been laid in the "wrong" district. The motion's sole venue and jurisdiction defect that may have met that burden was the inclusion of Ballantine as a defendant. The Defendants argued that she was not a Florida resident, directed no activity here, and therefore could not be sued in this District. Dkt. 89, pgs. 3-4. With the dismissal of Ballantine by the Plaintiffs, that premise has evaporated. No

remaining defendant is alleged to be improperly situated here. As such, with the dismissal of Ballantine, the Defendants' strongest, and possibly only, § 1406(a) predicate disappears.

Venue as to the United States is proper under 28 U.S.C. § 1402(b), which places an FTCA action where the plaintiff resides or where the act occurred. Biggs resides here. Venue as to Miller is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Count I — including the arrest Defendants concede occurred in this District and the searches and seizures of homes, devices, and papers alleged in the Third Amended Complaint — occurred here. *Stafford v. Briggs*, stands for the proposition that § 1391(e) does not govern individual-capacity claims. It need not. The statutes that do govern place this case here. 444 U.S. 527 (1980). Section 1406(a) therefore has no remaining work.

**B. The Government cannot meet its heavy burden to override Plaintiffs' choice of their home forum under § 1404(a).**

Section 1404(a) does not command transfer of venue; it commits the question to the Court's discretion, guided by the convenience of the parties and witnesses and the interest of justice. The movant bears the burden, and Plaintiffs' choice of forum is entitled to considerable deference. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Defendants do not carry that burden here.

**i. Plaintiffs' choice of their home district is entitled to substantial deference.**

A plaintiff's choice of forum "should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). That deference is at its strongest where, as here, a Plaintiff sues in his home district: Joseph Biggs resides in the Middle District of Florida. Dkt. 89, pg. 11. Two of the other Plaintiffs live in Florida near this jurisdiction. It is clearly more convenient for these three Florida plaintiffs to remain in Florida rather than the District of Colombia. Thus, to prevail, the Government must show that the balance of convenience and justice weighs so heavily toward the District of Columbia that it overcomes this presumption. *In re Ricoh Corp*., 870 F.2d 570, 573 (11th Cir. 1989). It does not.

**ii. *Kapordelis* does not require transfer of a home-forum Fourth Amendment case.**

Defendants treat *Kapordelis v. Danzig*, 387 F. App'x 905 (11th Cir. 2010), as if it decided this motion. It does not. In the first place, that decision is unpublished and therefore not binding. 11th Cir. R. 36-2. In the second place, even granting its strength as persuasive authority, it does not establish the venue is warranted.

In *Kapordelis*, the plaintiff sued in the Eastern District of New York after he was convicted in the Northern District of Georgia. He did not live in the forum he chose. His only claimed connection was that agents had interviewed, arrested, and briefly detained him there before moving him to Georgia for prosecution. 387 F. App'x at 906. The complaint was based on his argument that the government did not have probable cause and the case against him was a malicious prosecution related to a Georgia indictment. The Eleventh Circuit held that the New York arrest did not "give rise" to those claims, and it affirmed transfer to the prosecuting district. *Id.* at 906–07. In the alternative, it said that even if venue in New York had been proper, § 1404(a) still supported transfer because Georgia was most familiar with the underlying facts. *Id.* at 907. None of the expounded premises in that case are relevant in this one.

First, a Plaintiff lives in this District, and several others live near it. Defendants concede that Joseph Biggs resides in the Middle District of Florida, and Tarrio and Rehl also live in Florida. Dkt. 89, pg. 11. A plaintiff's choice of his home forum is entitled to considerable deference and "should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). *Kapordelis* involved no such plaintiff. The reduced deference

that applies when a plaintiff sues far from home does not apply when he sues at home.

Second, Count I is not a relabeling of the District of Columbia indictment. It is a Fourth Amendment claim for warrantless searches and seizures of private papers, devices, communications, and a home. Defendants themselves concede that a Plaintiff was arrested in this District. Dkt. 89, pg. 9. The Third Amended Complaint alleges searches and seizures of the Plaintiffs' homes, devices, and papers, including conduct that reached Plaintiffs where they live. A search executed against a Florida household is not an "incidental" first stop on the way to a D.C. trial, unlike the circumstances in *Kapordelis.* Rather, that search and seizure is a substantial part of the events giving rise to Count I. 28 U.S.C. § 1391(b)(2). Conversely, cases such as *Jenkins Brick Co. v. Bremer* look to the relevant acts of the defendant in determining venue. 321 F.3d 1366, 1371–73 (11th Cir. 2003). The officers' search of a home in this District is such an act establishing venue.

Third, the § 1404(a) alternative in *Kapordelis* depended on a record in which every convenience and justice factor pointed to the convicting district, and none pointed to a home-forum plaintiff. The factors do not lay here the way they do in *Kapordelis*. Defendants concede that the parties and witnesses are "located all over the country" and that convenience therefore "tends to drop out as a

substantive consideration." Dkt. 89, pgs. 10–11. They concede that federal-employee witnesses can be compelled regardless of forum. Dkt. 89, pg. 10. They concede that the location of documents has "largely become irrelevant." Dkt. 89, pg. 8. A case that "drops out" on convenience cannot be saved by an unpublished decision whose § 1404 holding assumed the contrary of currently existing circumstances.

Consequently, the Defendants' reliance on *Kapordelis* is misplaced, and does not make this District the "wrong" venue under § 1406(a). Moreover, it does not carry Defendants' burden under § 1404(a) such to justify uprooting a suit from a Plaintiff's home forum.

**iii. The *Manuel* factors do not clearly outweigh Plaintiffs' choice of their home forum.**

When venue is proper, transfer under § 1404(a) is committed to the Court's discretion and is guided by nine factors: (1) convenience of the witnesses; (2) location of relevant documents and ease of access to sources of proof; (3) convenience of the parties; (4) locus of operative facts; (5) availability of process to compel unwilling witnesses; (6) relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The movant must show that

those factors "clearly outweigh[]" the plaintiff's choice. *Robinson*, 74 F.3d at 260. Defendants have not made that showing.

*a. Convenience of the witnesses is neutral.*

Defendants concede the point that the convenience of witnesses is equally inconvenient in D.C. and Florida. The witnesses "are located all over the country," and in that circumstance "convenience tends to drop out as a substantive consideration." Dkt. 89, pgs. 10–11. The non-party witnesses named in the Third Amended Complaint do not live in the District of Columbia: Loh is in Texas, Bertino in North Carolina, and Lamond in Virginia. Dkt. 89, pg.10. The federal-employee witnesses who worked the prosecution can be compelled wherever the case is pending. Dkt. 89, pg. 10. Transfer to Washington therefore does not make the witness problem smaller. It simply moves it in such a way as to benefit the Defendants at the cost of the Plaintiffs.

*b. Location of documents is, by Defendants' own account, irrelevant.*

Defendants argue that electronic evidence has made the location of documents "largely become irrelevant." Dkt. 89, pg. 8. They are bound by that concession. To the extent the factor still matters, it does not favor moving a case whose proof is already digitized. Email exists for everyone, the days of boxes of discovery are thankfully over.

*c. Convenience of the parties does not favor transfer.*

A transfer that merely shifts inconvenience from the movant to the plaintiff is not a ground for § 1404(a) relief. *Robinson*, 74 F.3d at 260. Four of the five Plaintiffs do not live in the District of Columbia, and one lives in this District. Dkt. 89, pg. 11. Miller and the United States can be compelled in either forum. Dkt. 89, pgs. 10–11. Sending the case to Washington makes the litigation cheaper for the Department of Justice and more expensive for the men it prosecuted. That is a shift of the cost burden, not a split in savings benefiting both parties.

*d. The locus of operative facts is split, and Count I is not "the January 6 riot."*

Defendants treat every claim as if it arose on the Capitol steps. That is not the complaint. The Complaint alleges warrantless searches and seizures of homes, devices, papers, and attorney-client communications in Florida and the Defendants concede that a Plaintiff was arrested in this District. Dkt. 89, pg. 9. A search of a Florida home and the seizure of papers and devices from a Florida resident are operative facts of the Fourth Amendment claim, not preliminaries to a D.C. indictment. *Jenkins Brick*, 321 F.3d at 1371–73. While the prosecution and trial occurred in Washington, the searches and the arrest that give Count I its Florida foothold occurred here. A split locus does not "clearly outweigh" a home-forum filing.

*e. Compulsory process is neutral.*

Defendants concede that the federal-employee witnesses can be compelled in this District. Dkt. 89, pg. 10. Loh, Bertino, and Lamond are outside both districts. Neither forum can compel them by ordinary trial subpoena. The factor does not favor the Defendants' motion.

*f. Moving the case to D.C. would unduly burden the Plaintiffs.*

The United States is the defendant on the FTCA count and is paying for the defense of its officers. Plaintiffs are private individuals recently released from long sentences, and bearing their own legal costs, at their own expense, rather than the taxpayers. The party better able to litigate in a distant forum is the party asking to move the case there, for its own convenience. The factor cuts against transfer.

*g. Familiarity with governing law is, by Defendants' own authority, one of the least important factors.*

The Defendants state that "[t]he familiarity with the governing law is considered 'one of the least important factors' as district courts are equally equipped at analyzing federal law and the law from other states." Dkt. 89 at 8 (quoting *Trump v. Simon & Schuster, Inc.*, No. 23-2333, 2023 WL 5000572, at *8 (N.D. Fla. Aug. 4, 2023)). The live claims against Miller are federal constitutional and statutory claims. This Court applies federal law every day. District of Columbia malicious prosecution law appears only in the counts against the United States, and federal courts routinely apply that law. The factor is entitled to weigh

in the Defendants' favor precisely as much as the Defendants assigned it: none. Plaintiffs are confident that the Court can apply D.C. law equally as competently as D.C. Courts can.

*h. Plaintiffs' choice of a home forum is entitled to substantial weight.*

Biggs resides in this District, and two others reside nearby it in Florida. Dkt. 89, pg. 11. The choice of a plaintiff's home forum is the starting point of the *Manuel* analysis, not an afterthought. *Robinson*, 74 F.3d at 260; *In re Ricoh Corp.*, 870 F.2d at 573. Reduced-deference cases—in which the plaintiff sues far from home and far from the events—do not apply.

*i. Trial efficiency and the interests of justice do not require transfer.*

There is no second action pending in the District of Columbia. *Continental Grain Co. v. Barge FBL-585*, cited by the Defendants, is inapposite because it involved two live cases in two separate forums presenting the same issues at the same time. 364 U.S. 19, 26 (1960). That is not the case here. Ballantine has been dismissed. Miller and the United States remain here. That a hypothetical later suit against a dismissed defendant may occur is not "piecemeal litigation" and does not justify depriving the plaintiffs of their choice of forum.

Similarly, the argument regarding docket congestion, as the Defendants concede a potential consideration, does not weight towards venue transfer. *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 808 (11th Cir. 2003). The

Court is perfectly capable of managing itself and its own docket, and the District of Columbia is, in any case, more likely congested than the Middle District. Despite this, the Defendants cited that limitation. Dkt. 89, pg. 13. Middle District caseloads do not authorize exporting a home-forum plaintiff to a court of the Government's choosing.

The "related case" pitch is not an efficiency argument. Defendants ask this Court to send a civil damages action to the district — and likely to the judge—that tried the criminal case, and whose midtrial comments they have already attached as proof that a central allegation "didn't happen." Dkt. 87, pg. 1. Familiarity with a criminal record is not a reason to prefer a forum that has already spoken on a fact this complaint puts back in issue, especially when that Judge failed to prevent the constitutional violations visited upon the Defendants, and is in part responsible for their wrongful conviction in the first place. As such, this factor should cut very much against the Defendants' position.

Florida has a local interest in a search of a Florida home and the arrest of a Florida resident. That interest is not extinguished because a later trial was held in Washington, and may in fact weight against transferring venue there – if the Plaintiffs did not receive fair treatment during a criminal trial, then they have little expectation of fairness in the jurisdiction which wrongfully convicted them.

Transfer should be denied if the balance of convenience is only slight in favor of the defendant, or if transferring the venue would merely shirt the logistical and financial inconvenience from the defendant to the plaintiff. As such, the Defendants have not established their burden. *See Bell v. K Mart Corp.*, 848 F. Supp. 996, 998 (Ga. N.D. 1994). Taken together, factors 1, 2, 5, and 7 are neutral or conceded to the Plaintiffs. Factors 3, 6, and 8 favor Plaintiffs. Factor 4 is split. Factor 9 does not require transfer once Ballantine is out of the case. As such, a change of venue is not warranted or required, nor one which requires uprooting the Plaintiffs from their chosen venue.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Transfer.

**Respectfully submitted this 3rd day of September, *Anno Domini* 2026.**

__/s/ Thomas F. Ranieri, Esq.___
Thomas F. Ranieri, Esq.
Va. Bar No. 93150
RANIERI & ASSOCIATES, PLC
212 East 6th Street, Suite B
Front Royal, Virginia 22630
Tel: 540-551-2330
Email: ranieri@tra-lawfirm.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to Siegmund F. Fuchs, Esq.

/s/_Thomas F. Ranieri, Esq._______

**Certification Under Penalty of Perjury that Artificial Intelligence Was Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: initial research on motion, and assistance in structuring motion using the Lexis AI Protégé tool. Westlaw AI was also used for legal research However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person singing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.