**UNITED STATE DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
(Orlando Division)

| | | |
|---|---|---|
| **Enrique Tarrio, at al.**, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | **Case No.:** 6:25-cv-0998-AGM-DCI |
| | ) | |
| **United States of America, et al.**, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE MANAGEMENT CONFERENCE, FILING OF CASE MANAGEMENT REPORT, AND ALL DISCOVERY UNTIL COURT RULES ON PENDING MOTION TO DISMISS**

**COME NOW** Plaintiffs Enrique Tarrio, Zachery Rehl, Ethan Nordean, Joseph Biggs, and Dominic Pezzola (collectively, "Plaintiffs"), by and through undersigned counsel, to make this, their Memorandum in Opposition to the Defendants Motion to Stay Case Management and All Discovery, and, in support of same, respectfully submit the following:

## I. Introduction

Defendants ask for a categorical stay of the case-management conference, the case-management report, and all discovery until the Court rules on their

pending motions to dismiss.[1] The requested motion states that all discovery related activities should stayed because pleading federal qualified immunity, Defendants are protected from "not only having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). Plaintiffs concede that this assertion is broadly true, and do not object to the Court granting the Defendants Stay on the Case Management Report and the Case Management Conference. Where the Plaintiffs disagree with the Defendants is that a broad stay on Discovery is not warranted in this case. Generally, broad discovery is not permitted when the Defendants plead qualified immunity, but limited discovery related to whether the Defendants have an adequate basis to plead qualified immunity is permitted and warranted in this case.

The Defendants' Motion assumes as true what it wants to prove, namely that "[f]orcing Defendants to participate in a case management conference, draft a case management report, and start discovery on claims wholly lacking in merit would be a waste of time, costly, and unduly burdensome. This is especially so given that

---

[1] Defendants cite to the fact that the magistrate judge had recommended such a stay be granted earlier in this case. Dkt. 90, pg. 8. It is important to note that the Plaintiffs had initially consented to the stay on discovery, and so the Defendants' unopposed and consented to. The Defendants then attempted to use *Westfall* certification to dismiss the case, and argued that limited discovery on even the question of whether the Defendants were operating in the scope of their employment was not permitted because the Plaintiffs had, in good faith, agreed to stay on general discovery, so could not even challenge the government's certification under *Westfall*.

Defendants have raised dispositive, immunity-based defenses." Dkt. 90, pg. 8. This is very convenient for the Defendants. It neatly sidesteps the question of whether Defendant Miller[2] is actually entitled to the defense of qualified immunity, where the Plaintiff has laid out extensive reasons in its Third Amended Complaint to find otherwise.

As such, Plaintiffs limit their opposition to Defendants' motion to carve-out permission to engage in limited discovery related to the Defendants' pleading of qualified immunity to assist in the Court's review of whether dismissal of the action based solely on the assertion of qualified immunity is warranted in this case. The Plaintiffs believe that they have provided an adequate factual basis to justify limited discovery on the question of sovereign immunity, and such limited discovery has been granted by the Court in the past.

## II. The Court should permit the Plaintiffs to engage in jurisdictional discovery.

In the 11th Circuit, the doctrine of sovereign immunity directly implicates a federal court's subject-matter jurisdiction. *Douglas v. United States*, 814 F.3d 1268, 1274 (11th Cir. 2016). "The invocation of the immunity essentially challenges a court's subject matter jurisdiction." *Seaborn v. Dept. of Corrections*,

[2] Due to the Court not being able to exercise jurisdiction over Ballantine, the Plaintiffs have voluntarily dismissed her from the suit.

143 F.3d 1405, 1407 (11th Cir. 1998). Defendants first argue that the mere assertion of sovereign immunity is sufficient to justify the dismissal of the Complaint, and so discovery should not be permitted, which places it firmly in Fed. R. Civ. Pro 12(b)(1) territory. Dkt. 90, pgs. 3-6. Their second position is that the Plaintiffs' complaint does not allege facts sufficient to overcome sovereign immunity, which is in essence a Fed. R. Civ. Pro. 12(b)(6) argument. Dkt. 90, pgs. 7-8. Both positions skip over important evaluative steps the Court must undertake to determine whether the Complaint fails to allege a jurisdictional basis or the defense of sovereign immunity defeats any jurisdictional basis the Plaintiffs allege. These positions are treated by the Court very differently, and are broken into two categories – facial and factual challenges.

The deciding factor as to whether a challenge is facial or factual turns on the question of whether, in deciding to dismiss, the Court decides any issues of disputed fact and the power it has in so deciding. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Whereas a facial attack is made solely on the basis of the Plaintiff's pleadings without any outside consideration, the factual does not. Thus,

> The distinction between factual Rule 12(b)(1) motions and factual Rule 12(b)(6) motions is rooted in the unique nature of the jurisdictional question. It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. Jurisdictional issues are for the court - not a jury - to decide, whether they hinge on legal or factual

> determinations. See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1350 (1969). The unique power of district courts to make factual findings which are decisive of jurisdiction is, therefore, not disputed.

*Williamson v. Tucker*, 645 F.2d 404, 413-14 (5th Cir. 1981).

In a "facial attack (on subject matter jurisdiction) . . . the court must consider the allegations of the complaint as true." *Id.* (quoting *Williamson*, 645 F.2d at 412 (5th Cir. 1981)). If the Court grants the dismissal solely on the basis of the allegations in the Plaintiffs' complaint, the dismissal was a result of a facial challenge pursuant to Fed. R. Civ. Pro. 12(b)(6). *Douglas*, 814 F.3d at 1274. The simple question the Court must answer under a facial attack is whether the Plaintiff has credibly and sufficiently alleged facts to show that the Defendants do not qualify for sovereign immunity or the immunity has been waived in relation to the Plaintiff's claims.

"The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is a substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Williamson*, 645 F.3d at 412-13). If, therefore, the Court wishes to decide jurisdiction on a factual challenge "the district court must give the plaintiff and opportunity for

discovery and for a hearing that is appropriate to the nature of the motion to dismiss." *Douglas* 814 F.3d at 1274-75 [emphasis omitted] (citing *McElmurray*, 501 F.3d at 1251).

The Defendants' arguments seem to rely both on the fact that the Plaintiffs' complaint is facially deficient and that the defense of immunity abrogates the Court's jurisdiction upon the Defendant's invocation of that doctrine, which is a factual argument. As such, they are relying on both a factual and facial attack on the Plaintiffs complaint and action as justification for their requested stay of all discovery.

a. *The Defendants' factual Rule 12(b)(1) attack on the Plaintiff's claim justifies limited discovery to assist the Court in determining its jurisdiction over the Plaintiffs' claims.*

The Defendants' first argument to stay discovery appears to be based on the fact that the Court does not have jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1). This argument is based on their pleadings of facts and law outside of the Plaintiff's complaint, namely, their argument in their motion to dismiss that they are invoking immunity to defeat the Plaintiffs' complaint, which makes it a factual challenge. *See Eaton v. Dorchester Dev., Inc.*, 692 F2d 727, 731-32 (11 th Cir. 1982) (finding that, when the case "does not involve a dismissal predicated upon the facial

insufficient of the complaint . . .” a 12(b)(1) motion is “based on its decision on findings of fact.”).

In the first place, in actions where Constitutional rights are alleged to have been violated, the defense of sovereign immunity does not automatically merit dismissal of the Plaintiffs complaint, and the question of jurisdiction remains open. *Bell v. Hood*, 327 U.S. 678, 684-85, 66 S. Ct. 773, 777 (1946) (holding that “[w]hether the petitioners are entitled to recover depends upon an interpretation of [federal statute] and on a determination of the scope of the Fourth and Fifth Amendments' protection from unreasonable searches and deprivations of liberty without due process of law. Thus, the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another. For this reason, the District Court has jurisdiction.”) “In cases involving factual challenges to the court's subject matter jurisdiction,” such as here, "the district court must give the plaintiff an opportunity for discovery . . . that is appropriate to the nature of the motion to dismiss." *Nat'l Ass'n of the Deaf v. Florida*, 980 F.3d 763, 775 (11th Cir. 2020) (citing *Williamson*, 645 F.2d at 414 (5th Cir. 1981)); *see also McElmurray*, 501 F.3d at 1251 (11th Cir. 2007) (recognizing discovery is required to resolve factual challenges to subject matter jurisdiction). “In the Eleventh Amendment context — where defendants often raise factual challenges on sovereign immunity

grounds — a district court may order limited discovery before deciding whether sovereign immunity requires dismissal." *Nat'l Ass'n of the Deaf*, 945 F.3d at 1352-53 (citing *Douglas,* 814 F.3d at 1281 (11th Cir. 2016)). "Because this decision implicates the court's supervisory powers, it is 'generally committed to the sound discretion of the district court.'" *Id.* (quoting *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996) (per curiam)). As such, limited discovery on the question of jurisdiction before dismissal is merited here, and a stay on all discovery is inappropriate.

Moreover, the basis of the Plaintiffs' argument for, and the Defendants' argument against, jurisdiction are based on intertwined jurisdiction and substantive merits questions, because the credibility and strength of Plaintiffs' averments of the Defendants' violations of their Constitutional rights form the basis of jurisdiction and relief.[3] "Where the jurisdictional issues are intertwined with the substantive merits, 'the jurisdictional issues should be referred to the merits, for it is

---

[3] "But as we have already pointed out the alleged violations of the Constitution here are not immaterial but form rather the sole basis of the relief sought. Nor can we say that the cause of action alleged is so patently without merit as to justify, even under the qualifications noted, the court's dismissal for want of jurisdiction. The Circuit Court of Appeals correctly stated that "the complaint states strong cases, and if the allegations have any foundation in truth, the plaintiffs' legal rights have been ruthlessly violated." Petitioners' complaint asserts that the Fourth and Fifth Amendments guarantee their rights to be free from unauthorized and unjustified imprisonment and from unreasonable searches and seizures. They claim that respondents' invasion of these rights caused the damages for which they seek to recover and point further to 28 U. S. C. § 41 (1) which authorizes the federal district courts to try "suits of a civil nature" where the matter in controversy "arises under the Constitution or laws of the United States," *Bell*, 327 U.S. at 683 [internal citations omitted].

impossible to decide one without the other.'" *Eaton*, 692 F.2d at 733 (11th Cir. 1982) (quoting *Chatham Condominium Associations v. Century Village, Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979). In such as case, the argument for dismissal on Rule 12(b)(1) becomes very weak – as the 11th Circuit has stated:

> The argument against premature dismissal on 12(b) (1) grounds is particularly strong when the basis of jurisdiction is also an element of plaintiffs' cause of action on the merits. The *Williamson* court quoted extensively from *Bell v. Hood*, 327 U.S. 678, 66 S. Ct. 773, 90 L. Ed. 939 (1945) in support of the proposition that the "Supreme Court has enumerated a strict standard for dismissals for lack of subject matter jurisdiction when the basis of jurisdiction is also an element in the plaintiff's federal cause of action." 645 F.2d at 415. In *Bell* the Supreme Court stressed the difference between dismissal for lack of subject matter jurisdiction and dismissal for failure to state a claim upon which relief may be granted. Plaintiffs had sued the FBI for money damages, basing jurisdiction on federal questions arising under the fourth and fifth amendments. The Court held that federal jurisdiction did exist, despite the possibility that recovery would not be available under federal law.

*Eaton*, 692 F.2d at 733. If jurisdiction could exist, but "federal law would not permit relief, then dismissal should be based on 12(b)(6), not 12(b)(1)."

As precedent shows that Rule 12(b)(1) does permit limited discovery on jurisdictional issues, and that, where jurisdiction and relief are based on intertwining fact patterns, such as here, the Court should not grant dismissal pursuant to that rule, Plaintiffs now turn to whether the Defendants' argument that discovery is not merited on the basis of the face of the Plaintiffs' complaint.

b. *Plaintiffs pled sufficient facts to overcome Defendants' facial attack, and discovery is warranted on the question of Westfall certification.*

"A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray*, 501 F.3d at 1251 (11th Cir. 2007) (quoting *Lawrence*, 919 F.2d at 1529.). In evaluating Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded factual allegations in the Complaint as true, construe them in the light most favorable to Plaintiffs, and draw all reasonable inferences in their favor, as mandated by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). Dismissal is only permissible if the Court can find no plausible claim for relief in the Complaint, and only after jurisdictional questions are answered.[4]

Under *Iqbal*, a complaint must provide "fair notice" through plausible factual allegations, not evidentiary proof. 556 U.S. at 698. The Complaint alleges Miller was pivotal to the government's case as the lead investigator, tying her

[4] "Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction." *Bell,* 327 U.S. at 682 (citing *Swafford* v. *Templeton*, 185 U.S. 487, 493, 494 (1902)).

directly to the misconduct underpinning all counts, as exhaustively outlined in the Third Amended Complaint. These are not "bare" assertions but specific acts that, viewed holistically, support inferences of her involvement in broader violations: fabricating probable cause for malicious prosecution, enabling vague statutory application through manipulated evidence, surveillance into attorney-client communications, embedding an informant to investigate the defense team, and interfering with counsel and witnesses. *See Paez v. Mulvey*, 915 F.3d 1276, 1287 (11th Cir. 2019) (holding that plausible inferences from fabrication allegations are sufficient to defeat dismissal).

Given the allegations of constitutional violations and tortious conduct by Defendant Miller, the Court should afford Plaintiffs the benefit of this deferential standard regarding Defendant's immunity defenses under *Keating v. City of Miami*, 598 F.3d 753, 760 (11th Cir. 2010), or Westfall Act certification under *Osborn v. Haley*, 549 U.S. 225, 231 (2007), which require the Defendant to establish a factual basis for such immunity. Further, qualified immunity is not appropriate at the pleading stage unless the allegations conclusively establish entitlement thereto. *Keating v. City of Miami*, 598 F.3d 753, 760 (11th Cir. 2010). Drawing reasonable inferences in Plaintiffs' favor, the Complaint plausibly alleges Miller's participation in violations of clearly established constitutional rights and discovery is therefore warranted.

The Plaintiffs' claims are comfortably within the *Bivens* framework and are not meaningfully different therefrom. A claim arises in a new *Bivens* context only if "meaningfully different" from the three recognized cases when considering factors like the constitutional right, rank of officers, judicial guidance, statutory framework, and risks of judicial intrusion. *Ziglar v. Abbasi*, 582 U.S. 120, 139-40 (2017). Defendant Miller's conduct, as alleged, falls squarely within the scope of *Bivens*' remedies for constitutional violations. *Bivens* covers, and Plaintiffs allege, violations committed by government agents in violation of the Fourth Amendment such as malicious prosecution, surveillance, informant placement, misrepresentation of communications and unreasonable searches and seizures, the Fifth Amendment, for as-applied statutory vagueness, and the Sixth Amendment, for violation of the right to counsel and to present witnesses. As such, Defendants argument that the Plaintiffs' *Biven's* claims are somehow novel are not well-founded, unless "new contexts" means that the exact same factual circumstances have to occur in order to invoke the doctrine.

The Defendants also rely on *Westfall* certification to support the notion that dismissal under Rule 16(b)(6) is inevitable, and that, as a result, no discovery should be allowed. The United States' *Westfall* Act certification, however, is subject to challenge, and when plausibly challenged, such as here, limited discovery permitted. The Defendants argue that Miller is immune from suit

because the government certified under the *Westfall* Act that she was acting within the scope of her employment as defined by District of Columbia law. *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1305-06 (11th Cir.2022). With that certification, the rebuttable presumption that the employee has absolute immunity from the lawsuit is established, and, if sustained, the United States is to be substituted as the defendant in the stead of Miller. *Id.*; *see Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Cir. 2008).

"[I]f a plaintiff pleads sufficient facts to plausibly allege that a defendant acted outside the scope of employment, the plaintiff 'may, if necessary, attain "limited discovery" to resolve any factual disputes.'" *Mullane v. Moreno, 2025 U.S. App. LEXIS 11579*, ft. 5 (11th Cir. 2025)* (quoting *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009)). "If discovery is permitted, it should be limited in scope." *Id.* (citing *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 251 (4th Cir. 2018)). "To rebut the Certification of Scope of Employment [sic], Plaintiff 'must submit specific evidence or the forecast of specific evidence that contradicts the [government's] certification decision . . . ." *Adigweme v. Dep't of Veteran Affairs*, 2025 U.S. Dist. 173516, *12 – 15 (U. S. Dist. M.D. Fla. 2025) (citing *Omnipol, A.S.*, 32 F.4th at 1333-34.) Plaintiffs have provided specific evidence and the forecast of specific evidence sufficient to warrant limited discovery to answer the *Westfall* certification question, and,

therefore, the Defendants' motion to dismiss should be held in abeyance until it can be conducted.

Consequently, the Defendants' Motions to Dismiss pursuant to Fed. R. Civ. 12(b)(6) are not well-founded, will likely not succeed, and limited discovery on the questions of sovereign immunity and *Westfall* certification should be permitted.

**III. Allowing limited discovery on jurisdictional issues is regularly permitted.**

The Plaintiffs request for discovery on limited jurisdictional issues is nothing extraordinary. "This Court [will not be] the first to defer on ruling on qualified immunity and allowing limited discovery." *Robinson v. Sauls*, 2019 U.S. Dist. LEXIS 249591, *24-25 (Ga. N.D. 2019) (citing *Bryant v. Harris Cty.*, No. 4:18-cv-106 (CDL), 2018 U.S. Dist. LEXIS 183730 (M.D. Ga. 2018); *Collar v. Austin*, 86 F. Supp. 3d 1294, 1306-07 (S.D. Ala. 2015); and *Bowen v. Humphrey*, 2014 U.S. Dist. LEXIS 77064 (M.D. Ga. 2014.)). As in *Robinson*, this case is distinguishable from *Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11 Cir. 2017) "because the plaintiff's complaint contained sufficient detail surrounding the events giving rise to the action . . . ." and because the claims sound in violation of the Plaintiffs' constitutional rights. *Robinson v. Sauls*, 2019 U.S. Dist. LEXIS 249591, *20-25 (Ga. N.D. 2019). In such as case, the "Plaintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of

jurisdiction. As we said in *Blanco*, 'the rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction.'" *Eaton*, 692 F.2d at 731 (quoting *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980)).

Further, *Westfall* certification permits Courts to grant discovery "if a plaintiff pleads sufficient facts to plausibly allege that a defendant acted outside the scope of employment, the plaintiff 'may, if necessary, attain "limited discovery" to resolve any factual disputes.'" *Mullane v. Moreno, 2025 U.S. App. LEXIS 11579*, ft. 5 (11th Cir. 2025)* (quoting *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009)). As established in the previous section, Plaintiffs have alleged facts sufficient to show that Miller and the Does acted outside the scope of their employment, and limited discovery should be permitted on that issue.

## IV. Plaintiffs do not oppose a stay on general discovery and Rule 26 requirements.

Plaintiffs otherwise concede the Defendants' arguments regarding the merits of granting a stay on ordering the Parties to engage a case management conference, preparing a case management report, and on general discovery, subject to the exceptions argued herein.

## V. Conclusion.

In Conclusion, the Plaintiffs request that the Court narrow the stay of discovery to the limited questions of qualified immunity and *Westfall* certification.

**Respectfully submitted this 3rd day of September, *Anno Domini* 2026.**

_/s/ Thomas F. Ranieri, Esq.__

Thomas F. Ranieri, Esq.
RANIERI & ASSOCIATES, PLC
33 Cedarside Court
Front Royal, Virginia 22630
Telephone: 540-551-2330
Email: ranieri@tra-lawfirm.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 3, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Siegmund F. Fuchs, Esq.

_/s/ Thomas F. Ranieri, Esq._________

**Certification Under Penalty of Perjury that Artificial Intelligence Was Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: case research generated using Lexis AI. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person singing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.